TOM CRUTCHFIELD v. THE STATE.

No. 11418. Delivered June 6, 1928.
Rehearing denied October 31, 1928.

422

The opinion states the case.

*Hughes & Monroe* of Dallas, for appellant.

*Wm. McCraw,* Criminal District Attorney, of Dallas, and *A. A. Dawson* of Canton, State's Attroney, for the state.

LATTIMORE, JUDGE.—Conviction for murder; punishment, fifteen years in the penitentiary.

The testimony in this case is in conflict, that of the State tending to show a deliberately planned assassination, while that on behalf of the defense tends to support the theory that the mind of the accused was agitated, and that he was laboring under a condition of rage or excitement arising from circumstances tending to show his wife's infidelity.

The first complaint appearing in appellant's brief, and in the record, is that the court refused to quash the bill of indictment, the matter appearing in bill of exceptions No. 1. The indictment charged that appellant "with malice aforethought" did kill, etc., and is attacked for the reason that same omitted to charge that appellant "did voluntarily kill," etc., the point being urged that since the new murder statute of 1927 sets out that "Whoever shall voluntarily kill any person within this State shall be guilty of murder," it is necessary to be sufficient, that an indictment for this offense must contain the language of the statute. We do not think so, while being of opinion that an indictment containing the language of the statute would be sufficient. Art. 410 of our C. C. P. expressly provides that the words of a statute defining an offense need not be strictly pursued in an indictment therefor, it being sufficient to use other words conveying the same meaning, or which include the statutory words. The word "voluntarily" is defined as "In a voluntary manner; of one's own will." An act is voluntary when done by design, — with intent, — intentional, — purposed, — intended. See Webster's International Dictionary. This court in cases too numerous to mention, has said that malice, in a legal sense, means that condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, which is evidenced by the intentional doing of wrongful acts without legal excuse. In some of the decisions we say that "malice" is the wilful and intentional doing of some wrongful act. McKinney v. State, 8 Texas Crim. App. 643; Gallagher v. State, 28 Texas Crim. App. 266; Ellis v. State, 30 Texas Crim. App. 604; Witty v. State, 75 Texas Crim. Rep. 440; Banks v. State, 85 Texas Crim. Rep. 165; Posas v. State, 100 Texas Crim. Rep. 54. In our opinion the words "with malice aforethought" necessarily include the idea that the killing was a voluntary

act of the appellant. The motion to quash was properly overruled. We are not to be understood as holding that an indictment for murder should not be held sufficient when instead of the words "with malice aforethought," the indictment merely charged that the killing was done voluntarily.

Bills of exception Nos. 2 and 6 are substantially identical and set out appellant's exception to the charge of the court for the reason that it failed to apply the law of murder without malice aforethought, to the facts, and does not inform the jury upon what facts appellant could be held guilty of murder and be given a punishment not exceeding five years. We find no exception to the definition of malice aforethought, in the record. The court told the jury, following his definition of malice aforethought, that if they believed from all the evidence, beyond a reasonable doubt, that this defendant at the time and place alleged in the indictment, with malice aforethought, did with a pistol,—same being a deadly weapon,—unlawfully and voluntarily shoot and kill deceased, they should find him guilty of murder and fix his punishment at death, or by confinement in the penitentiary for life, or for some period of years not less than two. In this connection the court further charged the jury as follows:

"You are further charged that even though you should find the defendant guilty of murder, yet, unless you find from all the facts and circumstances in evidence in this case, beyond a reasonable doubt that the defendant in shooting the deceased, if he did, was prompted and acted with his malice aforethought, as the same is hereinbefore defined, then you cannot assess any punishment for a period longer than five years."

We are of opinion that this was a sufficient application in the charge of the term "malice aforethought" to the facts in this case. Appellant apparently insists that the trial court should in some way have indicated or said to the jury that if they found this fact, or these facts, or some other fact or facts, to be true, then this would not be a killing on malice aforethought. In other words, if we understand him, appellant contends that having allowed all relevant facts to go before the jury, the trial court should have exercised, as part of his prerogative, the choosing in this particular case of some fact or set of facts deemed by him such as might so inflame the mind, or arouse the passion, or stir the rage of this appellant as,—in the language or repealed statutes,—would render him incapable of cool reflection, etc., and that the court should tell the jury that if

they found such fact or facts to exist in this case, they could not give to the appellant a penalty greater than five years. We can not lend assent to such a proposition. Aside from imposing a duty upon the court, which we do not believe was intended, the flood gates would be opened by an endless flow of facts, differing in each case, which would first have to be deemed of aggravating sufficience by the judge who would then be called upon to single out and instruct the jury upon the weight such facts should have with them. The mischief of such rule appears at once. The only authority cited by appellant is Billings v. State, 102 Texas Crim. Rep. 343, which was a case tried at a time when our law of manslaughter had not been repealed, and the conclusions announced therein, it seems to us, have no application now.

Bill of exceptions No. 3 sets out that appellant excepted to the court's charge for its failure to present the affirmative defense of appellant, and that same failed to tell the jury, in substance, that if appellant found his wife in such a situation with another man as justified him in believing they were committing, or had committed, or were about to commit, adultery, and this caused sudden passion on appellant's part, or rendered him incapable of cool reflection, etc., the jury could not assess a punishment greater than five years in the penitentiary. As we read this record, appellant has no ground for complaint that the court did not present his affirmative defense. The court told the jury, in substance, that if the circumstances, as appellant saw them, or believed them to be from what he saw or knew, made it reasonably appear that another man and appellant's wife had just been engaged in, or were about to engage in an act of intercourse, and that so believing appellant fired a pistol at said man with the intention of shooting said man, and with no intention of killing his wife, and thereby accidentally shot and killed his wife, or if they had a reasonable doubt thereof, appellant should be acquitted. In another paragraph of the charge the trial court told the jury that if appellant found his wife with another man in a room under such circumstances as caused him to reasonably believe that said parties had just been engaged in an act of intercourse, or were about to engage in such act, and that he fired and shot at said man, but in shooting at said man he accidentally and without so intending shot and killed Lucy Crutchfield, his wife, he would be guilty of no offense, and if they so believed, or had a reasonable doubt thereof, they should acquit him. This seems to fully state to the jury the law of appellant's affirmative defense, and more favorably than

would be in such charge, whose refusal is now complained of. If there was any doubt in the mind of the trial court between telling the jury to acquit upon such facts, and telling them to give him a penalty of from two to five years upon same, he resolved that doubt most favorably to appellant by instructing the jury in such case to acquit, and this leaves appellant no room for complaint. We can not agree that the court should have selected certain facts and named them to the jury, and that he should have told them if such facts were true, they could not assess appellant's punishment at more than five years in the penitentiary.

In the language of appellant's brief, "It is beyond human intelligence to accurately instruct a jury in any given case as to what facts or circumstances would negative in the mind of the accused the existence of malice aforethought."

Appellant's bill of exceptions No. 4 sets out that the court's charge was excepted to for failing to embrace the provisions of Art. 1257a of the new law of murder, and for not applying said article to the defensive issues presented by the evidence on behalf of the defendant and his witnesses. Art. 1257a seems to lay down only a rule as to what evidence may be introduced on the trial of a homicide case, and we are not informed by such exception how such article could be embodied in the charge either for or against the accused.

Appellant contends that the law of murder now on our statute books is unconstitutional, in that it is vague, indefinite, and incapable of intelligent understanding or presentation. We are not able to agree to this contention.

Referring to Chap. 274, Acts Regular Session, 40th Legislature, we note that every voluntary killing of a human being, if there be no circumstances reducing the offense to negligent homicide, or excusing or justifying such killing, would be murder. The former law was identical, save that it used the expression "with malice aforethought," where now appears in the statute the word "voluntarily" and it also included manslaughter in the inferior offenses referred to in the latter part of the article. We perceive no reason for holding that the law-making body which put "malice aforethought" into its definition of murder at a former time, might not now take it out and substitute for said expression the word "voluntarily." With the wisdom of the change we have nothing to do, but are fully of opinion that it was within the power of the legislature, and that there appears in our Constitution no such limitation

upon said power as would be transgressed by making such change. Under the new law every voluntary killing unattended by circumstances which reduced the offense to negligent homicide, or which excuse or justify the act, is murder and punishable as set out in the statutes. Aside from the repealing part of Chap. 274, supra, it adds two procedure provisions to our murder statute, one providing that all relevant facts as to the previous relations between the accused and the deceased, also those facts going to show the condition of the mind of the accused,—as well as those facts relevant to the guilt or innocence of the accused,—should be held admissible; the other making it the duty of the trial court in every murder case to define malice aforethought, and to apply that term by appropriate charge to the facts of the case, as well as to instruct the jury that they can not assess the punishment at more than five years in the penitentiary, unless they believe from the evidence before them that the accused acted with malice aforethought in committing the homicide.

It is difficult for us to believe that there has been such fundamental change in the law as that a trial judge may not with reasonable certainty be able to weigh and determine the relevance of proffered testimony pertinent to the previous relations of the accused and deceased, as well as of such testimony as affects the mind of the accused. We see no reason why he may not determine this as accurately as he could determine under our former practice, the relevance of testimony to the various issues then properly involved in cases before him. We have in the instant case no concrete complaint regarding the admission or rejection of testimony.

Certainly also, in the carrying out of the provisions of the present law, it will not be hard for the courts to give accurate definitions of malice aforethought. The books are full of precedents. Just how to construe the phrase: "Apply that term by appropriate charge to the facts in the case," which appears in Sec. 3a of said Chap. 274, has caused us some trouble, but we have concluded and, therefore, hold that the Legislature itself wrote what it intended to be such application, in immediate connection with and following the phrase just quoted, by saying "And shall instruct the jury that unless from all the facts and circumstances in evidence, the jury believes the defendant was prompted by and acted with his malice aforethought, they can not assess the punishment at a longer period than five years." To place such construction upon the language used, seems sound. It is not necessary to plead or prove malice aforethought as

a prerequisite to a correct indictment, or a supported conclusion of guilt, of murder; but it is necessary to define malice aforethought in the charge, and to apply it by an appropriate charge to the facts by telling the jury that unless they believe from all the facts and circumstances in the case, beyond a reasonable doubt, that the defendant was prompted by an acted upon his malice aforethought in such killing, if any, they can not assess his punishment at more than five years in the penitentiary.

In view of the fact, however, that this is a new law, and that our decisions for more than three quarters of a century have dealt with a different statute upon this subject, and that it will take some time for precedents to spring up for guidance of our trial courts and officers, we deem it not inappropriate to say that an indictment for a voluntary homicide, committed after the taking effect of Chap. 274, supra, will be deemed sufficient if it sets out that the defendant at a certain time and place did voluntarily kill the deceased. As to the charge of the court, it is also suggested that it should define murder as now defined in Art. 1256, supra, and state its punishment as laid down in Art. 1257, id. Some reasonably accurate definition of the word "voluntarily" should be given, at least if asked, or if failure to give same be excepted to. Such definition may be found in the standard lexicons or in the opinions of the courts. Also the jury should be told that if they find and believe from all the evidence, beyond a reasonable doubt, that the defendant at the time and place and in the manner set out in the indictment voluntarily killed the deceased, (and in an appropriate case that the killing was not reduced to negligent homicide, and was not excused or justified under the circumstances in evidence), they should find him guilty of murder, and assess his punishment at death, or confinement in the penitentiary for life, or at such confinement for some period of years not less than two, as they may determine from other parts of the charge. It is suggested that at this point in the charge a definition of "malice aforethought" should be given, followed by substantially the application of this term to the facts, as above outlined. This should always be followed by an appropriate instruction to the effect that if the jury believe beyond a reasonable doubt that the defendant did voluntarily kill deceased, and that he is guilty of murder,—yet unless they believe from the evidence beyond a reasonable doubt that the killing was upon malice aforethought, they must give him the benefit of such doubt, and fix his punishment at some term of years in the penitentiary not less than two nor more than five. Those other things heretofore necessary in a charge on murder would be given,

appropriate to the facts in each case. The subject embraced in the foregoing remarks is discussed in some detail in the case of Davis v. State, No. 11556, this day decided.

Being unable to agree with any of the contentions made by appellant in this case, and being of opinion that no error appears, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his attack upon the sufficiency of the indictment. We adhere to the view formerly expressed that the indictment in the use of the words "malice aforethought" was sufficiently comprehensive to necessarily embrace a "voluntary" killing under the present murder statute. While not necessary to the decision in this case but because we were dealing with a new statute the opinion was expressed that an indictment which charged in the language of the statute, that accused did "voluntarily" kill another would be sufficient. The present writer entertains the view that it would be the better practice to allege that accused did "voluntarily and with malice aforethought" kill, etc. It may not be absolutely essential to embrace the allegation that the killing was done with "malice aforethought" but it was evidently contemplated by the Legislature that the punishment assessed should depend upon the presence or absence of "malice" in the killing, hence to embrace in the indictment "malice aforethought" in connection with "voluntary" would at least not be inappropriate. This suggestion is not necessary to a decision of this case and is dicta as was the suggestion in our original opinion.

By persuasive argument appellant again insists that the application of the law under the present murder statute where "malice aforethought" is absent was not sufficiently comprehensive. We find it difficult to elaborate further upon the point than was done in our original opinion. To say that the trial court should tell the jury that if certain facts were present malice would be absent, or that malice could not exist under certain states of mind, would involve the trial court in a direct charge upon the weight of the evidence. The point under discussion was considered to some extent in Davis v. State, (original opinion June 6th, opinion on rehearing October 24th) and a charge approved which was substantially like the one given in the present case.

The motion for rehearing is overruled.

*Overruled.*