RABY HILL V. THE STATE.

No. 18335.   Delivered May 13, 1936.
State's Rehearing Denied June 17, 1936.

The opinion states the case.

*John Watson,* of Cameron, and *Ned Elnor Moore* and *De-Witt Bowmer,* both of Temple, for appellant.

*Emory B. Camp,* Criminal District Attorney, of Cameron, *E. A. Camp,* of Rockdale, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 99 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed George Richards by shooting him with a pistol.

The homicide occurred near appellant's place of business on the night of the 22nd of September, 1935. Deceased was an officer of the city of Cameron. Appellant's brother, Erskin, had violated a traffic ordinance and deceased had instructed him to appear in the city court and pay a fine. According to the testimony of the State, Erskin struck deceased and a difficulty ensued. Appellant approached, and, drawing a pistol, shot deceased several times.

Appellant testified that he approached deceased and Erskin and stated to deceased that he would pay the fine; that deceased struck him with a heavy "punch" clock and staggered him; that deceased then drew a pistol and he shot deceased to protect his life. Other witnesses gave testimony corroborating appellant's version of the transaction. Appellant testified further that for some time prior to the homicide deceased's attitude toward him was unfriendly; that he had tried to keep people from patronizing his place of business; that on occasions he had stated to his customers that appellant was running a dive; that his wife had told him that deceased had charged that some of the girls who worked for appellant were not of good character, and that it was his purpose to close the place up.

In his first application for a continuance appellant alleged that his wife was unable to appear and testify, in view of the fact that she was ill; and that if she were present she would testify, among other things, that deceased had gone to appellant's place of business in the absence of appellant and stated to her that the girls she and appellant employed were not of good character and that it was his purpose to close the place up. Again, said witness would have corroborated appellant in his statement concerning the fact that deceased had continuously interfered with his customers and had threatened to

close him up. It appears that the appellant's wife had been present at the beginning of the trial, but, due to the fact that she was ill, was unable to remain. The diligence was sufficient. We think the testimony was material in that it tended to throw light on the closely contested issue as to who began, or was most likely to have begun, the difficulty. If the jury had found that the attitude of deceased was as described by appellant they might have concluded that deceased began the difficulty and forced appellant to defend himself. The affidavit of the witness was attached to the motion for new trial, showing that she would give the testimony as alleged in the application for continuance. The opinion is expressed that, under the circumstances reflected by the record, the continuance should have been granted.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that, before the penalty was determined, two of the jurors stated, in the presence and hearing of a third juror, that they had heard that the reason appellant's wife was not present in court was because appellant had knocked her down and kicked her. The testimony heard on the motion was uncontroverted to the effect that said statement was made as alleged in the motion, and that at the time the jury had not determined the penalty to be assessed. It appears that five of the jurors favored the death penalty, two or three were for 99 years, and the others had voted to assess the penalty from 5 to 20 years. The juror who overheard the conversation at first voted to assess the penalty at 20 years. He testified that prior to hearing the conversation he had voted to assess the penalty at 60 years, and that later he agreed to 99 years in order to prevent the jury from assessing the death penalty.

We are of opinion that the learned trial judge fell into error in refusing to grant the motion. Subdivision 7 of Art. 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information such as appears in this case given by one of the jurors to others is new and other testimony within the meaning of the statute. McDougal v. State, 194 S. W., 944. The statements made by the jurors in the presence of a third juror had no support in the testimony adduced on the trial. Where, after retirement, the jury receive other evidence damaging to the

accused, the presumption of injury will obtain. Holland v. State, 298 S. W., 898; Arnold v. State, 62 S. W. (2d) 130.

Newly discovered evidence was also alleged in the motion for new trial. In view of the fact that the judgment must be reversed because of the matters hereinbefore discussed, we pretermit a discussion of the question, other than to say that the diligence to secure said testimony appears to have been sufficient, and that it was of a material character. See Branch's Ann. Texas P. C., sec. 2079.

Over appellant's timely and proper objection, the court charged the provisions of Art. 1257a, Vernon's Ann. P. C. of Texas, 1935 Cumulative Annual Pocket Part. Said article provides a statutory rule of evidence, and, in our opinion, should not be given in charge. We express no opinion as to whether the giving of said instruction constitutes reversible error, but suggest that upon another trial it be omitted from the charge of the court. See Crutchfield v. State, 10 S. W. (2d) 119.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefuly read the motion for rehearing filed by counsel for the State. We have also re-examined the record and the opinion of the court in the light of the motion.

Entertaining the opinion that obedience to the law demands that a new trial be granted, we are constrained to overrule the State's motion for rehearing without further discussion than is found in the original opinion.

*Overruled.*