## LEE RILÉS v. THE STATE.

No. 21612. Delivered May 14, 1941.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder with malice, and given a term of ten years in the penitentiary.

The facts from the State's standpoint show an unprovoked killing by appellant of one Melvin Warren, after having made threats against this deceased person. The appellant evidently fired six shots from a pistol at Warren, three of them taking effect.

The appellant claimed self-defense in that deceased was making an attack upon appellant with a pocket knife.

The court's charge was excepted to, and especially paragraph six thereof wherein the trial court embodied in his charge Art. 1257a of Vernon's Ann. P. C., which reads as follows:

"In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed. Provided, however, that in all convictions under this Act and where the punishment assessed by the jury does not exceed five years, the defendant shall have the benefits of the suspended sentence act."

The objections to such charge being that the same "was a charge upon a rule of evidence and upon the weight of the testimony."

It will be noticed that in the Crutchfield case, 10 S. W. (2d) 119, the accused objected to the trial court's charge because same failed to embody this Art. 1257a in the charge to the jury, and Judge Lattimore, in disposing of this complaint, merely said that such article was a rule of evidence, and he was not

informed by such exception how such article could be embodied in the charge either for or against the accused.

We next find in the case of Hill v. State, 95 S. W. (2d) 106, Judge Christian making the following observation relative to such article:

"Over appellant's timely and proper objection, the court charged the provisions of article 1257a, Vernon's Ann. P. C. of Texas. Said article provides a statutory rule of evidence, and, in our opinion should not be given in charge. We express no opinion as to whether the giving of said instruction constitutes reversible error, but suggest that upon another trial it be omitted from the charge of the court. See Crutchfield v. State, 110 Texas Cr. R. 420, 10 S. W. (2d) 119." Again, in the late case of Jamison v. State, 148, S. W. (2d) 405, in referring to such Art. 1257a, the same judge said:

"This article provides a statutory rule of evidence, and should not be given in charge. Hill v. State, 130 Texas Cr. R. 585, 95 S. W. (2d) 106. In Crutchfield v. State, 110 Texas Cr. R. 420, 10 S. W. (2d) 119, 122, Judge Lattimore, speaking for the court, used language as follows: 'Appellant's bill of exception No. 4 sets out that the court's charge was excepted to for failing to embrace the provisions of article 1257a of the new law of murder (Gen. & Sp. Acts 1927, c.274), and for not applying said article to the defensive issues presented by the evidence on behalf of the defendant and his witnesses. Article 1257a seems to lay down only a rule as to what evidence may be introduced on the trial of a homicide case, and we are not informed by such exception how such article should be embodied in the charge either for or against the accused.' "

We are of the opinion that the trial court was in error in giving this charge to the jury. In the first place, this statute is a limitation on the use of certain testimony, and allows the jury to utilize such testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship between the parties, only for the purpose of assessing the punishment of the accused. This we think is an undue limitation on such testimony. We think such circumstances and relationship between the parties could also be utilized by the jury when passing upon the whole case; oftentimes such might and does affect the guilt or innocence of the party upon trial, and would be pertinent proof relative thereto.

We do not think such rule of evidence was intended to nor

should be given in charge to the jury, but as far as applicable should only operate as a guide to the court in the admission or rejection of testimony. In line with the ever strengthening trend of the above quoted cases, we hold that the giving of such rule of evidence in charge to the jury was error, and as such was sufficient to cause a reversal of this cause.

Appellant has a blanket objection to paragraphs fifteen, sixteen and eighteen of such charge because he states the same "are upon the weight of the evidence and incorrectly applies the law to the facts in the case." These paragraphs appear to us to be based upon the proven facts in the case, and to correctly apply the law to such facts. To set forth these charges would unduly lengthen this opinion, but suffice it to say we think they were not subject to the offered objections.

Bill No. 5 complains because the trial court provided a special blank form of verdict for the jury in each paragraph of his charge dealing with murder with malice and murder without malice, and also a blank form of not guilty, the objection being that the trial court "did not include a form for every possible verdict that might be returned in the case." There was no form included for a verdict including a suspended sentence, an application for which was filed by appellant. However the court carefully instructed the jury relative to such suspended sentence, and told them what to put in their verdict in the event they found such a verdict. It will be noted that the suspended sentence feature passed out of the case when the jury decided on a ten year penalty. We do not think this matter evidences any error.

The court's charge was also objected to because of its failure to have included therein a charge on circumstantial evidence. Such was not called for by the facts. There were two eye-witnesses to the actual shooting, besides the appellant who testified to having shot at deceased six times at close range.

Bill of exceptions No. 8, relative to an argument of the State's attorney to the jury, as qualified by the trial court evidences no error.

Bill of exceptions No. 9 relates to the allowing Willie Atkins, an eight year old negro boy, to testify relative to the actual shooting, the appellant's objection being that "he was an incompetent witness, and that he could not detail any competent

and intelligent statement to the jury to base any faith or credit on the same."

It is true this little negro boy made some inapt answers, and was rather easily tangled up on what was meant by an oath, but he did know that he was there for the purpose of telling the truth, and that if he did not tell the truth he "would get into trouble." He finally testified relative to this matter as follows:

"I know what I am doing up here. I did not hold up my hand and swear to tell the truth but I am telling the truth, yes, sir, I am going to tell the truth. I know I am in court and that I am supposed to tell the truth up here and know that I can get into trouble for not telling the truth.

"Q. You understand that you are not supposed to tell anything but the truth when you get up here and sit down on that stand? A. Yes, sir, supposed to tell the truth.
"Q. Have you told anything but the truth?

"A. I have told the truth as I knowed it."

These matters relative to the competency of a child as a witness are usually questions addressed to the sound discretion of the trial court, and this court would be loath to disturb the trial court's finding in such matters, unless a clear abuse of discretion be shown, which we do not think evident in this case. See Branch's Penal Code, p. 993, Sec. 1771, and many cases there cited; also Art. 708, note 14, Vernon's Ann. C. C. P., Vol. 2.

Bill of exceptions No. 12 is a complaint because the trial court allowed one Murray Cooper to testify after it had been supposedly shown that such witness had been convicted of chicken theft in the year 1925 and sent to the penitentiary therefor, and he was therefore an ex-convict, and as such on the date of conviction he was thereafter barred from testifying in any court in the land.

We have heretofore held that any ex-convict, if convicted after the amendment of Art. 708, C. C. P., as found in Vernon's Ann. C. C. P. Pocket Edition, which took effect in January 1927, could testify the same as any other qualified person.

In the first place, we confess ourselves to be at a loss to understand how a person in the year 1925 could be found guilty of chicken theft and sent to the penitentiary as a felon. Art.

1442a, P. C., passed in 1926, denounced the theft of a chicken or turkey in such uncertain terms that same was held invalid. See Redding v. State, 6 S. W. (2d) 361, 109 Texas Cr. R. 550. Again in 1929 the theft of any chicken, etc., was made a felony, as the statute now appears in Art. 1442b, Vernon's Ann. P. C. So we hardly see how any one could be sent to the penitentiary for the theft of chickens in the year 1925, same not being denounced as a felony at such time. Again the trial court qualifies such bill by saying that from the criminal minutes of the trial forum, for the June Term 1931, this judgment was found and introduced in evidence, and the date 1925 as shown therein was an error of the enrolling clerk, but that the same was made and done in the year 1931, and said conviction was had at such time. See Fitzgerald v. State, 118 Texas Cr. R. 64, 39 S. W. (2d) 47.

For the error in giving in charge to the jury Art. 1257a, P. C., this judgment is reversed and the cause remanded.