ANNA PEARL WHEELER v. STATE

No. 25262. April 11, 1951.
Rehearing Denied May 23, 1951.

Hon. Jack Roberts, Judge Presiding.

*Polk Shelton*, Austin, for appellant.

*Bob Long*, District Attorney, *Thomas D. Blackwell*, Assistant District Attorney, both of Austin, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge

The offense is murder; the punishment, five years in the penitentiary.

No contention is made as to the sufficiency of the evidence to support the verdict.

One bill of exception is presented which complains of the giving of Paragraph VIII of the court's charge instructing the jury substantially in the terms of Art. 1257a, Vernon's Ann. P.C., which article reads as follows:

"In all prosecutions for felonious homicide the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed. Provided, however, that in all convictions under this Act and where the punishment assessed by the jury does not exceed five years, the defendant shall

have the benefits of the suspended sentence act. (Acts 1927, 40th Leg., p. 412, ch. 274, sec. 2)".

In Crutchfield v. State, 110 Tex. Cr. R. 420, 10 S.W. 2d 119, the exception was that the court failed to embody the provisions of Art. 1257a, Ver. Ann. P.C., in the charge. In holding that such omission was not error, this court said:

"Art. 1257a, (Vernon's Ann. P.C.) seems to lay down only a rule as to what evidence may be introduced on the trial of a homicide case."

This holding became the basis for the holding in the later cases of Hill v. State, 130 Tex. Cr. R. 585, 95 S.W. 2d 106: Jamison v. State, 141 Tex. Cr. R. 349, 148 S.W. 2d 405; Riles v. State, 141 Tex. Cr. R. 637, 150 S.W. 2d 1043; and Scott v. State, 149 Tex. Cr. R. 4, 190 S.W. 2d 828.

In Riles v. State it was said that Art. 1257a, Vernon's Ann. P.C., "is a limitation on the use of certain testimony, and allows the jury to utilize such testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship between the parties, only for the purpose of assessing the punishment of the accused. This we think is an undue limitation on such testimony. We think such circumstances and relationship between the parties could also be utilized by the jury when passing upon the whole case; often times such might and does affect the guilt or innocence of the party upon trial, and would be pertinent proof relative thereto."

A reconsideration of the question leads us to the conclusion that we were in error in construing the statute to be a limitation on the use of the testimony described therein.

The legislature has the authority to prescribe rules of evidence, and if the effect of Art. 1257a, Vernon's Ann. P.C., be to limit the use of testimony as to facts and circumstances surrounding the killing and the previous relationship existing between the parties to the question of punishment, then such testimony could no longer be offered by the state or by the accused on the question of the condition of mind of the accused, on issues going to the question of guilt, such as on the issue of self-defense upon the theory of the appearance of danger; or upon any question other than that of punishment.

We think it clear that the legislature had no such intention,

but on the other hand intended, in connection with the submission of malice aforethought and murder without malice, to point out the evidence mentioned as proper for consideration by the jury in arriving at the punishment to be assessed in the event the defendant was found guilty.

In Spicer v. State, 120 Tex. Cr. R. 440, 46 S.W. 2d 685, the provisions of Art. 1257a, Vernon's Ann. P.C., were given in the charge, the jury being instructed that such matters might be used in determining the punishment in the event they convicted the defendant.

In Graham v. State, 121 Tex. Cr. R. 343, 51 S.W. 2d 401, the jury was instructed that if they believed beyond a reasonable doubt that the defendant was guilty of murder they might take into consideration the condition of appellant's mind at the time of the killing, and as showing such condition of mind, all relevant facts and circumstances, surrounding the killing and the previous relationship existing between the defendant and the deceased, might be taken into consideration.

The charge as here given authorized the consideration of the matters set forth in Art. 1257a, Vernon's Ann. P.C., on the question of punishment "if any" to be assessed "in the event you convict the defendant."

Insofar as the Hill, Jamison, Riles and Scott cases hold that the substance of Art. 1257a should not be given in the charge, but should serve only as a guide to the court in passing upon the admissibility of testimony, they are, here now, expressly overruled.

We hold with the Spicer and Graham cases that the charge as given in this case properly instructed the jury in the terms of the statute that they may consider the matters set forth therein in passing upon any punishment they may assess in the event they find appellant guilty.

We feel that this charge in the case at bar was beneficial to the appellant. According to her testimony, the deceased had caused her to come to Austin on a promise of marriage, but that after he got her here, he held her in a form of bondage and put her out to ply the trade of a prostitute. She testified that the shooting occurred while she was seeking to escape from such peonage. The state's theory was that the killing took

place while deceased was asleep. Certainly the jury must have given credence to her account of her prior relations with deceased when they set her punishment at only five years.

Finding no reversible error, the judgment is affirmed.

ON APPELANT'S MOTION FOR REHEARING

DAVIDSON, Judge

Appellant presses upon us the correctness of the holding expressed in the Hill, Jamison, Riles, and Scott cases to the effect that Art. 1257a, Vernon's P. C., lays down a rule of evidence only and should not be given in the charge to the jury. It is insisted that those cases should not be overruled, as was done in the original opinion.

We have again reviewed the question and remain convinced that a correct conclusion was reached originally.

The motion for rehearing is overruled.

Opinion approved by the court.