WILEY BARNETT MORRIS V. STATE

No. 25468. November 14, 1951.
Rehearing Denied February 13, 1952.

Hon. Howard P. Green, Judge Presiding.

*Putney & Ritchey,* by *E. F. Ritchey,* Victoria, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, life imprisonment.

A witness for the state testified that appellant, on Saturday afternoon on the main street of Victoria, drew a pistol as he

approached deceased, cursed him, and then fired several shots at close range into the body of deceased.

Appellant offered two witnesses, his wife and his daughter, who testified about antecedent illness suffered by appellant, and expressed the opinion that the appellant was insane on the day of the homicide.

The state called several witnesses in rebuttal, including the county health officer, who testified that in their opinion appellant was sane.

The jury found against appellant on the issue of insanity.

Bill of Exception No. 1 complains of the admission in evidence of the conversation between the arresting officer and appellant at the time of the arrest. Officer Korges testified that he was at the city hall, across the street from the scene of the homicide, when he heard the shots and that it took him a minute to reach the appellant, who had entered a cafe. Further, he told appellant to raise his hands and took a pistol from his person, at the same time asking appellant the question, "Who did you shoot?" To which question appellant answered, "Old Tucker. It had to be done. I hope I got him, and I hope I did not hit anybody else."

The court, in his qualification of the bill, recited portions of the evidence to support his view that the question and answer were part of the res gestae.

Appellant's contention seems to be that the above was not part of the res gestae and was not admissible because it transpired after arrest and was not the voluntary outburst of appellant, but rather the answer to a question propounded to him.

We recently held in Henderson v. State, 154 Tex. Cr. R. 584, 228 S. W. (2d) 158:

"Bill No. 4 relates to a statement made to Bill Dale, a policeman, who testified that he got a radio call to go to the scene of the killing and arrived there in about three minutes; that he found the deceased lying by the truck and the appellant was standing in the street. When the officer got out of his car, appellant came running over there and said, 'I done it. I killed him.' She said, 'I told him I would kill him and I did.' I said, 'Killed who? And she told me who it was.' We think the trial

court was correct in holding this statement to be res gestae of the transaction."

It will be noted in the above that a portion of the statement of the appellant therein was in response to a question by the officer. If all the elements that make a statement a part of the res gestae are present, the fact that such a statement is made in response to an inquiry does not make this testimony inadmissible.

As in the Henderson case, we think that the trial court was correct.

We next move to a consideration of appellant's requested charges refused by the Court.

It must be borne in mind at the outset that appellant did not testify and that his sole defense was that of insanity.

Requested charges 1, 2, 8, 9, and 10 sought in different ways to have the jury instructed that they might consider the state of the appellant's mind in determining the punishment.

The impropriety of such a charge embracing the provisions of Article 1257a, Penal Code, in a case of this nature, is apparent when it is remembered that Article 34, Penal Code, makes insanity at the time of the commission of an offense a complete defense to crime.

Requested charge No. 3 sought to invoke Article 36, *Intoxication as a defense*. In the case at bar, there was evidence that appellant had spasmodically for a period of years prior to the homicide consumed alcoholic spirits. There was no showing that he had, on the day he shot deceased, consumed any alcoholic spirits at all. It will be noted that it is insanity produced by the voluntary *recent* use of ardent spirits that is contemplated by the statute. The facts of this case do not require the giving of a charge thereon.

Requested charges Nos. 4 and 5 contain slightly different definitions of insanity from that contained in the main charge. We are cited no authority in support of the requested charges, whereas the charge as given is practically identical with the charge set forth in Willson's *Texas Criminal Forms*, 4th Ed., which has received the approval of this court many times, including Zuniga v. State, 115 Tex. Cr. R. 222, 28 S. W. (2d) 822.

Requested charge No. 6 deals with the burden of proof on the question of insanity. This we find to have been amply covered by the court's main charge.

Requested charge No. 7 was an effort to incorporate the doctrine of irresistible impulse which this court has consistently refused to authorize. Ross v. State, 153 Tex. Cr. R. 312, 220 S. W. (2d) 137. Finding no error, the judgment of the trial court is affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant insists that he was entitled to have the jury instructed in accordance with the provisions of Art. 1257a, Penal Code, and that we erred in reaching a contrary conclusion.

In Wheeler v. State, 156 Tex. Cr. Rep. 140, 239 S. W. 2d 105, we held that it was no longer error to instruct the jury in accordance therewith and that such a charge was proper, and in reaching that conclusion expressly overruled the cases of Hill v. State, 130 Tex. Cr. R. 585, 95 S. W. 2d 106; Jamison v. State, 141 Tex. Cr. R. 349, 148 S. W. 2d 405; Riles v. State, 141 Tex. Cr. R. 637, 150 S. W. 2d 1043; Scott v. State, 149 Tex. Cr. R. 4, 190 S. W. 2d 828, announcing a contrary conclusion.

Appellant insists that the holding in the Wheeler case, supra, supports his contention here.

In our original opinion, we endeavored to make it clear that the sole and only defense offered under the evidence was that of insanity and that such a charge under such circumstances would extend the defense of insanity beyond the provisions of Art. 34, P. C.

We remain convinced of the correctness of our original conclusion.

The motion for rehearing is overruled.

Opinion approved by the court.