Harold Orlando MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41965.

Court of Criminal Appeals of Texas.

April 16, 1969.

John K. Coil, Dallas, on appeal, for appellant.

Henry Wade, Dist. Atty., John Stauffer, Douglas Mulder, Malcolm Dade, James P. Finstrom and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, fifty years.

The sufficiency of the evidence is not challenged.

The record reflects that appellant was seen in the apartment of John Hilldale in Dallas at approximately 2:30 a. m., on a Sunday, the 9th day of April, 1967. The body of Hilldale, the deceased, was found at about 10:00 a. m. the following day with a necktie pulled tightly around his neck. The cause of death was strangulation.

Appellant testified that on Saturday, April 8, he was hitchhiking, and the deceased gave him a ride. They drank beer with their lunch then went to the apartment of the deceased where they drank wine. During an argument appellant hit the deceased with his fist, took the keys to deceased's station wagon and left. At about 2:30 p. m., he arrived in Fort Worth and remained until the following Monday when he was arrested.

Three people from Fort Worth testified that appellant said he had killed a man whose name he did not know. Two witnesses for appellant testified that he was intoxicated and passed out in Fort Worth that Saturday afternoon.

Appellant, in his first ground of error, contends that reversible error was committed, because statements made after his arrest were introduced in violation of the holding in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. W. H. Wooldridge testified that he was a constable in Tarrant County; that he saw appellant get out of the station wagon (the deceased's) at a service station in Fort Worth. The following transpired:

"Q. (Mr. Stauffer, Assistant District Attorney) What did you say to him if anything first?

"A. I told him he was under arrest and anything he said may be used against him.

"Q. You told him that immediately?

"A. Right, yes, sir.

"Q. All right, soon as you said that, what, if anything, was said by the Defendant right back to you?"

An objection on the grounds that he had not been taken before a magistrate and advised of his rights and any statement made ·by· him while under arrest should not be used against him was made and overruled. Wooldridge then testified:

"A. He said, 'Im glad you got me.'

"Q. Anything else?

"A. And then I told him to turn around and he turned around and he said, 'God, I'm glad you got me.'

"Q. All right, what did you do then?

"A. I said, 'Well, why are you so glad I got you,' and he said, 'I killed a man,' and he said, 'I don't even know who the man was.'"

The record is not clear whether or not the jury was present and heard Wooldridge testifying about appellant saying he had killed a man. The judge stated he would instruct the jury if they heard anything other than the two statements "'I'm glad you got me', and 'God, I'm glad you got me'", not to consider it. He then instructed the jury not to consider any statements other than those two if any were made. According to this record all three of the statements at the time of arrest were spontaneous and within one minute after the time appellant first saw the arresting officer.

■ Had the trial court ruled the evidence admissible, no reversible error would have been shown. Art. 38.22, Sec. 1(f), Vernon's Ann.C.C.P., provides in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense."

In Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435 (1966), cert. denied 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982, this court held that after an arrest, an oral confession with regard to heroin was admissible under the res gestae exception where the confession was made within seconds after the officers entered the apartment.

■ If all the elements that make a statement a part of the res gestae are present, the fact that such a statement is made in response to an inquiry does not make this testimony inadmissible. Morris v. State, 157 Tex.Cr.R. 14, 246 S.W.2d 184; Henderson v. State, 154 Tex.Cr.R. 584, 228 S.W.2d 158.

In McCormick & Ray, Texas Law of Evidence, Sec. 1212, p. 88, is found:

"Of course, where the statements or acts of the accused satisfy the requirements of some other exception to the hearsay rule, e. g. spontaneous exclamations (res gestae) they are admissible even though they are incompetent as confessions because made while under arrest."

Miranda v. Arizona, supra, does not prohibit the introduction of volunteered statements.

The first ground of error is overruled.

Complaint is made that Marian June Bilsha was permitted, while testifying, to identify appellant in the courtroom as the person she saw in the apartment of the deceased, because appellant did not have an attorney when a lineup was held.

The confrontation occurred before June 12, 1968, and the case of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, is not retroactive. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Nothing in the present case would show that the in-court identification was tainted by the lineup. The witness Bilsha testified that she went to the lighted apartment of the deceased at about 2:30 a.m. on Sunday to see the deceased and that appellant was standing at a coffee table. Appellant told

her the deceased was passed out. She saw the body of the deceased on the floor of the bedroom. She told appellant that the deceased had invited her to have a drink. She declined appellant's invitation to have a drink. She was there about a minute and then went to her apartment.

While testifying she identified appellant, without objection, as being the man in the apartment. She testified that she saw four or five people in a lineup the following Wednesday; that all were of the same race. The officers did not tell her they had the man. There were no hints or suggestions. The lineup was conducted on the "fair and square"; she had no trouble identifying appellant.

On cross-examination she testified that she would not say that appellant was light-skinned, but that he was lighter than most Negroes; the best she recalled none of the people was lighter than most Negroes except appellant; that, "I don't remember what all of them looked like; I just recognized him," and " * * * I didn't take that much time to look at them, that much, because I recognized him at once."

Appellant admitted, while testifying, that he was in the apartment of the deceased, but the time was prior to that time testified to by the witness Bilsha.

■ Appellant was not deprived of due process of law, because he did not have counsel at the lineup. Herring v. State, 440 S.W.2d 649 (1969); Martinez v. State 437 S.W.2d 842 (1969).

In the last ground of error appellant contends there was inadequacy of counsel at the trial.

The record on the trial is used by appellant in an attempt to show incompetence. Trial counsel was attacked on the grounds that the lineup was illegal. As pointed out earlier, the lineup occurred before United States v. Wade, supra, which is not to be applied retrospectively.

■ The State introduced evidence that appellant was carrying a pistol in Fort

Worth. It is now contended that a proper objection was not made, and this is relied upon to show incompetence. The evidence introduced was that appellant had a pistol in his hand and told the witness Gene Gibson that he had killed one man, and he would kill him (Gibson); that appellant did not say how he killed the man; that appellant showed the keys and the car to several people and said they belonged to the deceased. Error if any could not have been harmful, because appellant testified that he bought the pistol, and when asked if he intended to use it, he answered, "A person never knows."

 He next contends that the prosecuting attorney kept the race issue before the jury. The record does not support the contention. One witness testified that appellant said he had killed a white man.

 It is next contended that incompetence was shown in that the court reporter was not required to take down the final argument. This does not reflect incompetence. Errors in argument can be brought forward by formal as well as by informal bills of exception. It is not necessary to have all of the argument to perfect a bill of exception. Art. 36.20, V.A.C.C.P.

It is contended that a subpoena should have been obtained for Judy Sharp, because she would have testified that deceased was alive that Saturday afternoon.

Dr. Earl Rose testified that he performed an autopsy on the body of deceased at approximately 1:30 p.m., Monday, April 10th; that death occurred between thirty-six and sixty hours before, that forty-eight hours would have been 1:30 p.m. Saturday.

According to appellant's theory, the testimony of Judy Sharp would show that Hilldale was alive on Saturday afternoon, and appellant could not have killed Hilldale. Counsel for appellant overlooks the testimony of Dr. Rose that death could have occurred within thirty-six hours before the autopsy (possibly 1:30 o'clock Sunday morning).

This record does not show that a subpoena was not issued for the witness Judy Sharp. Counsel, as a matter of tactics, could have decided it was best not to use her as a witness, because he had elicited from Officer Boyd on cross examination that during the investigation Judy Sharp said the last time that Hilldale was seen alive was around 4:00 or 4:30 o'clock Saturday afternoon.

 This record does not reveal incompetency or ineffectiveness of trial counsel. The third ground of error is overruled.

The judgment is affirmed.

MORRISON, Judge (concurring).

I concur specifically on the due process portion of Stovall v. Denno, supra, and cite: Graham v. State, Tex.Cr.App., 422 S. W.2d 922. I further note that there was no hesitancy on the part of the witness in identifying appellant as there was in the recent opinion of the Supreme Court of the United States in Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402.