Kendall **PATTERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–01064–CR.

Court of Appeals of Texas, Dallas.

June 27, 1983.

Robert Udashen, Dallas, for appellant.

Bill Schultz, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a case in which appellant pled not guilty by reason of insanity to the offense of murder. Appellant was convicted by a jury and sentenced to 99 years in the Texas Department of Corrections. We affirm.

■ Appellant, in her first ground of error, alleges that the trial court erred in restricting her voir dire of the jury panel, thus interfering with the right to exercise peremptory strikes. On the authority of *Granviel v. State,* 552 S.W.2d 107 (Tex.Cr. App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977), the trial court granted the State's motion in limine which prevented appellant's attorneys from informing or questioning the jury as to the consequences of a verdict of not guilty by reason of insanity. *Granviel,* 522 S.W.2d at 122, held that it was not error to deny a requested jury charge concerning the consequences of such a verdict, since it was of no concern to the jury as to what happens to a defendant after being found not guilty by reason of insanity. In the present case, it is appellant's contention that the jury should have been informed, either by instruction or through questioning, that appellant could be civilly committed despite a not guilty verdict.

The conduct of a voir dire examination rests within the sound discretion of the trial court, and the decision as to the propriety of a particular question or specific area of inquiry will call for reversal only upon a showing of abuse of discretion. Such discretion is abused when the trial court prohibits a proper question about a proper area of inquiry. *Clark v. State,* 608 S.W.2d 667 (Tex.Cr.App.1980). See *Battie v. State,* 551 S.W.2d 401 (Tex.Cr.App.1977), *cert. denied,* 434 U.S. 1041, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978). With this rule in mind, we have examined the record and find that the trial court did not abuse its discretion since the consequences of a not guilty by reason of insanity verdict is not a proper area of inquiry under *Granviel. See Heflin v. State,* 640 S.W.2d 58 (Tex.App.—Austin 1982, pet. ref'd). We overrule appellant's first ground.

■ Appellant's second ground of error contends that it was error for the trial court to deny a motion to instruct the jury panel that a potential juror had incorrectly informed the panel as to the consequences of a not guilty by reason of insanity verdict.

The record shows that the following occurred at voir dire:

Defense Counsel: Let me just respond to it this way. Are you of the opinion that if she is found not guilty by reason of insanity, that she will be freed on the street?

Prosecutor: Objection, Your Honor, for the same reasons as previously indicated, I am going to object to any questions in this regard, and ask the Court to enforce its motion.

Juror: That is my opinion.

Despite the court's order to the contrary, during voir dire appellant tried continuously to delve into the opinions of potential jurors as to the effect of a not guilty by reason of insanity verdict. In so doing appellant invited the response by the juror that appellant would go free and, also, violated the court's order on the motion in limine. We overrule appellant's second ground.

■ Appellant further alleges that it was error for the trial court to refuse to submit a charge to the jury that would instruct the jury as to the consequences of a verdict of not guilty by reason of insanity. This ground of error, if valid, would require us to overrule *Granviel* which controls this issue. As an intermediate court, we have no authority to overrule that case and are bound to follow the decisions of the Court of Criminal Appeals. *Chatham v. State,* 646 S.W.2d 512 (Tex.App.—Dallas 1982, pet. ref'd). We overrule this ground of error.

■ In four grounds of error, appellant argues that the trial court erred in allowing two psychiatrists, Dr. Clay Griffith and Dr. James Hunter, to testify in rebuttal at the guilt/innocence phase of trial concerning appellant's sanity at the time of the offense. Appellant contends that their testimony was based on appellant's statements made to them while she was in custody, without a warning that her statements could be used against her and, also, without the presence or advice of defense counsel. Consequently, appellant contends that their testimony violated appellant's Fifth Amendment privilege against self-incrimi-

nation and Sixth Amendment right to effective assistance of counsel as applied to the states through the Fourteenth Amendment of the United State's Constitution. Appellant cites *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) in support of this argument.

We cannot agree with appellant that the testimony of Dr. Griffith and Dr. Hunter should have been excluded under *Estelle v. Smith.* That case involved a capital murder defendant who was examined by a psychiatrist under a court order to evaluate his competency to stand trial. The defendant had already been indicted and an attorney appointed for him at the time of the examination. The defendant was not informed prior to the examination that he had the right to remain silent or that such evidence could be used against him at the punishment phase, and his attorney was not informed that the examination would encompass future dangerousness. Without the defendant previously placing his sanity or mental condition in issue, admitting testimony about future dangerousness from a psychiatrist at the punishment phase was held to be reversible error. However, the Supreme Court limited its holding as follows:

> A criminal defendant who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding.

The present case was not a capital murder case in which appellant was surprised with psychiatric testimony at the punishment phase, and, further, it was appellant who initiated the examinations and first presented psychiatric evidence concerning her insanity defense at trial. In contrast to *Estelle v. Smith,* the State merely introduced rebuttal testimony concerning an issue upon which appellant had the burden of proof. Thus, appellant waived her Fifth Amendment rights and was not denied effective assistance of counsel. *See Parker v. State,* 649 S.W.2d 46, 53 (Tex.Cr.App.1983) (on remand from the Supreme Court of the United States); *Heflin,* 640 S.W.2d at 63–66.

Our interpretation of *Estelle v. Smith* is supported by *Battie v. Estelle,* 655 F.2d 692 (5th Cir.1981), in which the Fifth Amendment privilege was held applicable to a diagnosis based on defendant's disclosures at a psychiatric examination requested by defendant for the purpose of determining his competency to stand trial and his sanity at the time of the offense. *Battie* held that it was error to introduce such evidence where the defendant did *not* introduce psychiatric evidence but only initiated the examination. Thus, the Fifth Amendment privilege may be invoked by not introducing such testimony, but, where sanity is put in issue, it is as if the defendant took the stand himself. *See Battie,* 655 F.2d at 701–702 n. 22; *United States v. Hinckley,* 525 F.Supp. 1342, 1349 (D.D.C.1981), *aff'd,* 672 F.2d 115 (D.C.Cir.1982). This burden on the defense is justified by the State's overwhelming difficulty in responding to psychiatric testimony where the state has not had its own examination and by the need to prevent fraudulent mental defenses. *See United States v. Cohen,* 530 F.2d 43 (5th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976). With these principles in mind, we hold that appellant's contention as to the application of *Estelle v. Smith* is not supported by the record and, thus, we overrule appellant's third, fourth, seventh, and eighth grounds of error.

■ In four grounds of error, appellant further challenges the propriety of permitting the State to introduce the rebuttal testimony of Hunter and Griffith on the ground that such testimony violated Tex. Code Crim.Proc.Ann. art. 46.02, § 3(g) (Vernon 1974).[1] She also contends that the tes-

---

1. Tex.Code Crim.Pro.Ann. art. 46.02, § 3(g) (Vernon 1974) provides:

    No statement made by the defendant during the examination or hearing on his competen-cy to stand trial may be admitted in evidence against the defendant *on the issue of guilt* in any criminal proceeding. [Emphasis supplied]

timony was inadmissible because it was outside the scope of the orders appointing those doctors to determine appellant's competency. We find that the decision in *Hinckley,* is based on a similar factual situation, and we approve of that holding which permits the introduction of psychiatric, rebuttal testimony.

In *Hinckley,* two examinations were conducted, the first a competency-only examination ordered pursuant to 18 U.S.C. § 4244.[2] Defense counsel contended: first, that section 4244 limited the use of any evidence or testimony derived from that examination to a determination of defendant's competency to stand trial; and, second, that the use of any such evidence on the substantive issues at trial would violate section 4244. It was noted in *Hinckley* that cause for grave concern would exist if such evidence were admitted to buttress appellant's guilt, but it would be permissible to introduce psychiatric testimony supporting an expert's conclusion as to criminal responsibility. The court recognized that, despite the statutory prohibition and the absence of formal notice of intention to raise the insanity defense, appellant could waive his Fifth Amendment privilege which is codified in section 4244. *Hinckley,* 525 F.Supp. at 1349–50. Finally, with respect to the argument that testimony derived from the competency only examination is limited to determining competency, it was held that "the statute's definition of guilt is limited to the elements of the offense, and does not include the issue of defendant's insanity." *Id.* at 1351.

Drs. Griffith's and Hunter's testimony was introduced only in rebuttal and was not admitted to buttress appellant's guilt or prove an element of the offense. In view of appellant's decision to present psychiatric testimony in support of the insanity defense and because there is no showing of surprise, we hold that admitting the testimony of Griffith and Hunter did not violate article 46.02 3(g) or the scope of the orders appointing them to examine appellant. *See Heflin,* 640 S.W.2d at 64–65. Appellant's fifth, sixth, ninth and tenth grounds of error are overruled.

■ In her next four grounds of error, eleven, twelve, thirteen and fourteen, appellant contends that the trial court erred in overruling her motion for mistrial after the prosecution asked a prejudicial and inflammatory question based on: (1) facts not in evidence; (2) hearsay; and (3) correspondence not in evidence. The record shows that a jailer from Collin County jail was asked about appellant's alleged correspondence with a convicted heroin dealer who was incarcerated in the Texas Department of Corrections. The question was never answered. Appellant had previously elicited testimony from the witness concerning the drug policy and tight security of Collin County jail. The complained-of question was an effort to refute the inference created by appellant that her bizarre behavior while in jail could not have been drug induced. We hold that the question was not asked in an effort to inflame or prejudice the jury and was not of such character that the impression produced could not be withdrawn from the minds of the jurors. Appellant's requested instruction to disregard was granted and, thus, we hold that the instruction was sufficient to cure the error, if any. *See Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981); *Williams v. State,* 604 S.W.2d 146 (Tex.Cr.App.1980); *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1981); *Mays v. State,* 434 S.W.2d 140 (Tex.Cr.App. 1968). We overrule appellant's eleventh, twelfth, thirteenth and fourteenth grounds of error.

■ In ground of error sixteen, appellant contends that the trial court erred in denying her requested charge which would have instructed the jury that evidence concerning appellant's state of mind at the time of

---

**2.** Section 4244 contains language similar to Tex.Code Crim.Proc.Ann. art. 46.02, § 3(g) and in pertinent part provides:

No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section ... shall be admitted in evidence against the accused *on the issue of guilt* in any criminal proceeding. [Emphasis supplied]

the offense could be considered. Such a charge is based on a rule of evidence, Tex. Penal Code Ann. § 19.06 (Vernon 1974), and it has been held proper to so instruct the jury in murder cases. *Wheeler v. State,* 156 Tex.Cr.R. 140, 239 S.W.2d 105 (1951) (construing the former article 1257a of the Texas Penal Code reenacted as section 19.06). Under the circumstances of this case, however, it was not error to refuse the requested charge. *See Morris v. State,* 157 Tex.Cr. 14, 246 S.W.2d 184 (1952). The jury was properly charged on the required culpable mental state—intentionally and knowingly—and also on the defense of insanity. We overrule the sixteenth ground of error.

In her final ground of error, number seventeen, appellant contends that the trial court erred in permitting the prosecution to argue at the punishment phase that appellant could not be confined in a mental hospital as a condition of probation. Appellant contends that Tex.Code Crim.Proc.Ann. art. 42.12, § 6, subd. *1* (Vernon Supp. 1982–1983) which states that a probationer can be placed "under custodial supervision in a community based facility" authorizes the trial court to so confine appellant. We disagree. Appellant cites no authority for this proposition, and we can find no definition of a "community-based facility" either in the Code of Criminal Procedure or in case law. Traditionally, such a facility would be a halfway house where a probationer would receive rehabilitative treatment. We hold that article 42.12, § 6, subd. *1* does not authorize confinement in a mental hospital. We overrule appellant's final ground of error.

Affirmed.