Bruce Glenn MILNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–06–01024–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 2008.

Colin B. Amann, Houston, TX, for Appellant.

Jeremy E. Warren, Brazoria County Courthouse, Angleton, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Bruce Glenn Milner, of murdering his estranged wife and assessed his punishment at life in prison and a $10,000 fine. In his sole issue, appellant argues that the trial court erred in refusing appellant's timely request that the jury be instructed on the provisions of Article 38.36 of the Texas Code of Criminal Procedure.

We affirm.

## Background

Appellant shot and killed his estranged wife while the wife and appellant's mother were supposed to be exchanging custody of the couple's children pursuant to a court-ordered custody arrangement. At trial, evidence regarding the previous relationship between appellant and his estranged wife was admitted before the jury. The jury heard a videotaped confession in which appellant stated that he visited the custody exchange intending to observe, but when he saw his estranged wife, he just "snapped" and shot her. The videotaped confession also contained information about the strained relationship between appellant and his wife. The jury heard other evidence of appellant's relationship with his estranged wife, including charges filed against appellant by his wife in Harris County, charges that appellant had filed against his wife, and information about the wife's relationships with other men. This evidence was admitted either during the State's case-in-chief without objection from appellant or by appellant himself.

At the charge conference during the guilt-innocence phase of the trial, appellant requested that trial court include the following jury instruction tracking the language of Article 38.36 of the Texas Code of Criminal Procedure: [1]

> You are instructed that you may consider all relevant facts and circumstances surrounding the killing, if any, and the previous relationship existing between the accused and the deceased, if any, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense, if any.

The trial court denied the request, but included in its charge to the jury the general admonishment:

> You are limited in your deliberations upon a verdict to the consideration and discussion of such facts and circumstances only as were admitted in evidence, or as are reasonably deducible from the evidence, and no juror is permitted to communicate to any other juror anything she or he may have heard regarding the case or any witness therein, from any source other than the witness stand. In deliberating on the cause you are not to refer to or discuss any matter or issue not in evidence before you, nor talk about this case to anyone not of your jury.

The jury convicted appellant and assessed his punishment at life in prison.

## Analysis

█ We review jury charge error in a two-step process. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex.Crim.App.2005). First, we determine whether error exists in the charge. *Id.* If there is error, we then review the record to determine whether sufficient harm was caused by the error to require reversal of conviction. *Id.*

Article 38.36(a) of the Texas Code of Criminal Procedure states:

> In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX.CODE CRIM. PROC. ANN. art 38.36(a) (Vernon 2005). Article 38.36 has had sev-

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 38.36 (Vernon 2005).

eral predecessors, the most recent of which was Texas Penal Code section 19.06. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 7.03, 1993 Tex. Gen. Laws 3586, 3614 (amended 1994) (current version at TEX.CODE CRIM. PROC. ANN. art. 38.36 (Vernon 2005)). Section 19.06 differed from Article 38.36 only in that it applied to prosecutions for manslaughter as well as murder. *See id.*; *Smith v. State*, 5 S.W.3d 673, 677 (Tex.Crim.App. 1999).

■ Many courts have held that the rule stated in Article 38.36 and its predecessors is a rule of evidence [2] and that the trial court is not required to give an instruction on it to the jury. *Huizar v. State*, 720 S.W.2d 651, 654 (Tex.App.-San Antonio 1986, pet. ref'd); *Gold v. State*, 691 S.W.2d 760, 764 (Tex.App.-El Paso 1985), *aff'd* 736 S.W.2d 685 (Tex.Crim.App. 1987); *see also Roberson v. State*, 144 S.W.3d 34, 42 (Tex.App.-Fort Worth 2004, pet. ref'd) (holding that giving an instruction on Article 38.36 is not mandatory). It is not improper to give such an instruction. *Valentine v. State*, 587 S.W.2d 399, 401–02 (Tex.Crim.App.1979). However, it is not reversible error to refuse to do so.[3] *Roberson*, 144 S.W.3d at 42; *Huizar*, 720 S.W.2d at 654; *see also Gold*, 691 S.W.2d at 764.

■ The jury was adequately charged with the general instruction from the trial court that it should limit its consideration to the facts and circumstances only as they were admitted in evidence or were reasonably deducible from the evidence. *See Huizar*, 720 S.W.2d at 654 (noting that where trial court permitted evidence contemplated by Article 38.36 it was not necessary also to give charge thereon and holding, "The [general] charge in the instant cause adequately directed the jury on the evidence presented"); *Gold*, 691 S.W.2d at 764 ("[T]he jury is adequately charged with their general instructions concerning assessment of evidence presented during trial."). We conclude that the jury charge contained no error. Because there was no error in the charge, we do not need to address whether appellant suffered any harm. *See Ngo*, 175 S.W.3d at 743.

**Conclusion**

We affirm the judgment of the trial court.

---

**2.** Appellant attempts to argue that he was entitled to an instruction on Article 38.36 of the Texas Code of Criminal Procedure as a defensive issue that had been raised by the evidence, but that is a misclassification of the rule stated in Article 38.36.

**3.** In its brief, the State cites *Riles v. State*, 141 Tex.Crim. 637, 150 S.W.2d 1043 (App.1941) and *Hill v. State*, 130 Tex.Crim. 585, 95 S.W.2d 106 (App.1936) for the proposition that some courts have held that giving an instruction tracking the language of Article 38.36 was an error requiring reversal. However, those cases were overruled by *Wheeler v. State*. *See* 239 S.W.2d 105 (Tex.Crim.App. 1951). The *Wheeler* court held that "cases [which] hold that the substance of [Article 38.36's predecessor] should not be given in the charge, but should serve only as a guide to the court in passing upon the admissibility of testimony, ... are, here now, expressly overruled." *Id.* at 106. Furthermore, the State's argument that a jury charge that comments on the elements of an offense is an erroneous comment on the weight of the evidence is not raised by the facts of this case.