**Bruce Glenn MILNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–07–00381–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 2008.

---

Colin B. Amann, Houston, TX, for Appellant.

Jeri Yenne, Criminal District Attorney, Jeremy E. Warren, Angleton, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Bruce Glenn Milner, appeals the trial court's denial of his pre-conviction application for writ of habeas corpus. In one point of error, appellant contends that the State's prosecution violates his constitutional guarantee against double jeopardy.

We affirm.

## Background

On August 14, 2005, appellant shot his estranged wife, Leza Maddalone, and his mother-in-law, Debra Sanchez. Maddalone died from the wounds, but Sanchez lived. The State indicted appellant for the murder of Maddalone [1] and the attempted murder of Sanchez. The murder trial of Maddalone occurred first in cause number 49995. During the guilt-innocence stage of the murder trial, the State presented evidence that appellant shot Sanchez, including the number of times she was shot and the nature of her injuries. A jury convicted appellant of murder and assessed his punishment at life in prison and a $10,000 fine.[2]

After appellant was found guilty of murder, the State proceeded with the trial for the attempted murder of Debra Sanchez in cause number 50811. Seven days before the attempted-murder trial, appellant filed a pretrial application for writ of habeas corpus, claiming a double jeopardy violation. Appellant claimed that he was put "at risk" because evidence pertaining to the attempted murder was introduced during the murder trial. The trial court denied the writ of habeas corpus and found appellant's double jeopardy claim to be frivolous.[3] A jury convicted appellant of the attempted murder of Sanchez in cause number 50811 [4] and assessed punishment at 70 years in prison.[5]

## Analysis

Appellant contends that the State should not have been permitted to try him for the attempted murder of Sanchez because that offense had already been proved at the murder trial of Maddalone. Specifically,

---

1. Appellant previously appealed an order denying habeas corpus relief on bail in his indictment for murder. *See Milner v. State*, 01–06–00283–CR, 2006 WL 3628932 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

2. Appellant's appeal of his murder conviction is pending in this Court. *See Milner v. State*, No. 01–06–01024–CR, 2008 WL 525615.

3. On May 7, 2007, appellant filed an emergency motion to stay the trial court proceedings pending our review of the trial court's order denying habeas corpus relief. We denied appellant's motion on May 8, 2007.

4. Appellant's appeal of his attempted-murder conviction is pending in this Court. *See Milner v. State*, No. 01–07–00501–CR.

5. *See* TEX. PEN.CODE ANN. § 15.01 (Vernon 2003).

appellant argues that trying him for the offense of attempted murder in a second trial resulted in a violation of his constitutional right against being placed in double jeopardy.

### Standard of Review

■ A trial court's ruling in a habeas corpus proceeding should not be overturned absent a clear abuse of discretion. *Ex parte Ayers*, 921 S.W.2d 438, 440 (Tex. App.-Houston [1st Dist.] 1996, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990). In determining whether a court has abused its discretion, we view the evidence in the light most favorable to the trial court's ruling. *Crow v. State*, 968 S.W.2d 480, 482 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd).

### Double Jeopardy

The guiding rule and principle determining whether a criminal defendant may be put on trial twice for the same offense is known as double jeopardy.[6] The Fifth Amendment of the U.S. Constitution states that, "No person ... shall ... be subject for the *same offense* to be twice put in jeopardy of life or limb." U.S. CONST. amend. V (emphasis added). The Texas Constitution contains a similar provision: "No person, for the *same offense*, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the *same offense*, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. 1, § 14 (emphasis added).

■ The protection of the constitutional prohibition against former jeopardy, former conviction, or acquittal applies only where the second prosecution is for the *same offense* as that for which a person has already been in legal jeopardy. *See id.* The former trial must have been upon the same criminal act for which the State is again seeking to prosecute the defendant for double jeopardy to be invoked by a criminal defendant. *See id.*

■ Fifth Amendment jeopardy questions must be resolved by application of the U.S. Supreme Court's *Blockburger* test,[7] which compares the *elements* of the offenses—not the conduct involved. *Ortega v. State*, 171 S.W.3d 895, 899 (Tex.Crim. App.2005). To determine whether jeopardy attaches, a court must inquire whether each offense contains an element not contained in the other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If a different element is present, double jeopardy does not attach. *Id.* at 304, 52 S.Ct. at 182. However, if each element of the offense in the first indictment is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecutions. *Id.*

■ Here, the two offenses had different victims and, in addition, the two offenses—murder and attempted murder— are statutorily distinct from one another. Murder requires that the victim "intentionally or knowingly causes the death of an individual," whereas attempted murder re-

---

**6.** *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957) ("The underlying idea [of double jeopardy] ... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.").

**7.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

quires that the accused "does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Compare* TEX. PEN.CODE ANN. § 19.02 *with* TEX. PEN. CODE ANN. § 15.01.

In cause number 49995, appellant was indicted, convicted, and sentenced for the murder of one individual, Maddalone. In cause number 50811, appellant was indicted, convicted, and sentenced for the attempted murder of a different individual, Sanchez. Under the *Blockburger* test, the murder trial did not put appellant in double jeopardy when he was later tried for the attempted murder of a different person. We conclude that the trial court did not abuse its discretion in finding that these were different and separate offenses, and appellant was not put in double jeopardy by being prosecuted for an offense of which he had already been convicted.

Appellant also argues that the testimony regarding the extraneous offense—the shooting of Sanchez—during the guilt-innocence phase of the murder trial violated his double jeopardy rights. We disagree.

In *United States v. Felix*, Felix was prosecuted and convicted in a Missouri federal district court for attempting to manufacture methamphetamine in that state. 503 U.S. 378, 380, 112 S.Ct. 1377, 1379–80, 118 L.Ed.2d 25 (1992). To prove his intent in the Missouri prosecution, the government introduced evidence that Felix had previously manufactured methamphetamine in Oklahoma. Felix was later tried and convicted in an Oklahoma federal district court for manufacturing and possessing methamphetamine in that state. Much of the evidence introduced at the Oklahoma prosecution had been previously introduced at the Missouri trial. The United States Court of Appeals reversed the Oklahoma conviction on double jeopardy grounds. *United States v. Felix*, 926 F.2d 1522 (10th Cir.1991). The Supreme Court reversed the court of appeals, holding that no double jeopardy violation occurred:

> The court [of appeals] found it decisive that the Government had introduced evidence of Felix's involvement in the Oklahoma lab to help show criminal intent for purposes of the Missouri trial. But it is clear that, no matter how much evidence of the Oklahoma transactions was introduced by the Government to help show Felix's state of mind, he was not prosecuted in the Missouri trial for any offense other than the Missouri attempt offense with which he was charged. Thus, the Court of Appeals holding must rest on an assumption that if the Government offers in evidence in one prosecution acts of misconduct that might ultimately be charged as criminal offenses in a second prosecution, the latter prosecution is barred under the Double Jeopardy Clause.
>
> But such an assumption is not supportable; our precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation.
>
> . . . .
>
> At the Missouri trial, the Government did not in any way prosecute Felix for the Oklahoma methamphetamine transactions; it simply introduced those transactions as prior acts evidence under [FED.R.EVID.] Rule 404(b). The Government was therefore free to prosecute Felix in the trial below . . . .

*Felix*, 503 U.S. at 385–87, 112 S.Ct. at 1382–83.

██ Here, just as in *Felix*, information regarding the extraneous offense (the attempted murder) was elicited during the guilt-innocence stage of trial. Although appellant did not assert an objection to the testimony, we observe that such evidence

would have been admissible as same transaction contextual evidence. *See* Tex.R. Evid. 404(b). Same transaction contextual evidence imparts to the trier of fact "information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven." *Camacho v. State,* 864 S.W.2d 524, 532 (Tex.Crim.App. 1993). As such, same transaction contextual evidence is admissible "not for the purpose of showing character conformity, but to illuminate the nature of the crime alleged." *Id.* In accordance with *Felix,* the State prosecuted appellant in cause number 50811 for murder and extraneous offense acts were admissible as same transaction contextual evidence. Thus, the State did not previously try appellant for the attempted murder of Sanchez, and it was free to prosecute appellant for the attempted murder in this cause of action. *See Felix,* 503 U.S. at 388, 112 S.Ct. at 1382–83. Because he was not prosecuted for the extraneous offense of the attempted murder of Sanchez in his trial for the murder of Maddalone, double jeopardy protection is not implicated under either the United States or Texas Constitutions and appellant's constitutional right guarantee against double jeopardy is therefore not violated. *See Ex parte Broxton,* 888 S.W.2d 23, 28 (Tex.Crim.App.1994).

We overrule appellant's sole point of error.

## Conclusion

We affirm the trial court's order that denied habeas corpus relief.