Opinion issued December 11, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01099-CV






IN THE MATTER OF A. M. M.






On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 2007-01555J






MEMORANDUM OPINION

 Appellant, A. M. M., appeals the court's denial habeas corpus relief. See Tex.
Fam. Code Ann. § 56.01 (Vernon 2002). This Court abated this appeal on
April 25, 2008, to allow for the filing of a supplemental clerk's record. We reinstate
the appeal and affirm the judgment of the trial court.


Background


 Appellant was charged with delinquent conduct, specifically drag racing and
causing the death of another person. Appellant applied for a writ of habeas corpus
alleging that the trial court lacked jurisdiction because the alleged offense was a
traffic offense and not properly before the juvenile court. After a hearing, the trial
court denied habeas corpus relief and filed findings of fact and conclusions of law
one week later.

Discussion

 A trial court's ruling in a habeas corpus proceeding should not be overturned
absent a clear abuse of discretion. Milner v. State, 263 S.W.3d 353, 356 (Tex.
App.--Houston [1st Dist.] 2008, no pet.). This case involves a pure question of law,
which we will review de novo. Ex parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim.
App. 2003), overruled in part on other grounds by Ex parte Lewis, 219 S.W.3d 335,
371 (Tex. Crim. App. 2007). In his sole issue, appellant asks whether the offense of
"racing on the highway" is within the jurisdiction of the juvenile court or within the
jurisdiction of the justice or municipal court. See Tex. Transp. Code Ann. §
545.420(a)(3) (Vernon Supp. 2008). 

 A juvenile court has jurisdiction over all cases involving the delinquent
conduct of a child. Tex. Fam. Code Ann. § 51.04(a) (Vernon 2002); see id.
§ 51.02(2) (Vernon Supp 2008) (defining "child"). "Delinquent conduct is conduct,
other than a traffic offense, that violates a penal law of this state or of the United
States punishable by imprisonment or confinement in jail . . . ." Id. § 51.03 (a)
(Vernon Supp. 2008). A traffic offense is "a violation of a Penal statute cognizable
under Chapter 729, Transportation Code, except for conduct for which the person
convicted may be sentenced to imprisonment or confinement in jail." Id. § 51.02 (16)
(Vernon Supp. 2008) (emphasis added). Chapter 729 refers to other provisions of the
Transportation Code, including section 545.420, which is part of Subtitle C. See Tex.
Transp. Code Ann. § 729.001(a) (Vernon Supp. 2008). 

 The State alleged appellant engaged in delinquent conduct. Specifically,
appellant was charged with the offense of drag racing and causing a person's death. 
Tex. Transp. Code Ann. § 545.420(a)(3) (Vernon Supp. 2008). This is a
second-degree felony. Id. § 545.420(h) (Vernon Supp. 2008). A person convicted
of a second-degree felony shall be sentenced to two to twenty years imprisonment. 
Tex. Penal Code Ann. § 12.33(a) (Vernon 2003).

 Because appellant was charged with delinquent conduct that violates a penal
law of this state, which is punishable by imprisonment or confinement in jail, the
juvenile court has jurisdiction over his case. We hold that the trial court properly
denied habeas corpus relief. We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.