Opinion issued December 18, 2008








 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00501-CR

 





BRUCE GLENN MILNER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 50811






MEMORANDUM OPINION


 A jury convicted appellant, Bruce Glenn Milner, of the attempted murder of
Debra Sanchez and assessed punishment at 70 years' imprisonment. (1) In two points
of error, appellant argues that (1) the trial court improperly granted the challenge for
cause of veniremember G. Jira and (2) double jeopardy prevented evidence of a
previous murder conviction from being introduced at the attempted murder trial. 

 We affirm.

Background


 On August 14, 2005, Leza Maddalone, appellant's estranged common-law
wife, and Debra Sanchez, Maddalone's mother, met at a Conoco station at 6:00 p.m.
to exchange custody of Maddalone's and Milner's children. Appellant drove up to
the Conoco while the group was preparing to move the children to Maddalone's SUV.
Appellant verbally and physically attacked Maddalone, and Sanchez attempted to
intervene. Appellant shot and killed Maddalone, and then began to shoot at Sanchez.
As Sanchez attempted to run away, appellant shot Sanchez seven times, but did not
kill her. Appellant has been convicted and sentenced for Maddalone's murder. (2) 

 Since his murder conviction, appellant has submitted a habeas corpus appeal
to this Court on double jeopardy grounds. See Milner v. State, 263 S.W.3d 353 (Tex.
App.--Houston [1st Dist.] 2008, no pet.). This Court held that the murder trial did
not place appellant in double jeopardy when he was later tried for the attempted
murder of Sanchez. Id. at 357.

 In the attempted murder trial, evidence of appellant's act of shooting
Maddalone during the shooting spree was presented to the jury over Milner's
objection. Several witnesses testified about the shooting of Maddalone, and the State
also presented evidence throughout the trial of Maddalone's shooting and subsequent
death. Milner repeatedly objected to this evidence.

Double Jeopardy

 In his first point of error, appellant argues that his conviction for attempted
murder should be reversed because the evidence of the attempted murder of Sanchez
was already presented at his trial for the murder of Maddalone. Appellant asserts that
trying him for the offense of attempted murder at a separate trial when the same
evidence was also used in the first murder trial placed him in double jeopardy.

 This Court has already addressed this issue in appellant's appeal of the denial
of his writ of habeas corpus. See Milner, 263 S.W.3d at 357. Appellant made
identical arguments in his previous appeal. See id. at 353. In cause number 49995,
appellant was indicted, tried, and convicted for the murder of Maddalone. See id. at
357. In cause 50811, appellant was indicted tried and convicted for the attempted
murder of Sanchez, a different individual. See id. Applying the Blockburger test, we
held that the murder trial did not put appellant in double jeopardy when he was later
tried for the attempted murder of a different person. See Blockburger v. U.S., 284
U.S. 299, 304, 52 S. Ct. 180, 182 (1932). We held, "Because [appellant] was not
prosecuted for the extraneous offense of the attempted murder of Sanchez in his trial
for the murder of Maddalone, double jeopardy protection is not implicated under
either the United States or Texas Constitutions and appellant's constitutional right
guarantee against double jeopardy is therefore not violated." Milner, 263 S.W.3d at
358 (citing Ex parte Broxton, 888 S.W.2d 23, 28 (Tex. Crim. App. 1994)).

 "The law of the case" principle "provides that an appellate court's resolution
of a question of law in a previous appeal of the same case will govern the disposition
of the same issues should there be another appeal." Ware v. State, 736 S.W.2d 700,
701 (Tex. Crim. App. 1987). Because this Court has already held in appellant's
previous appeal that appellant's right against double jeopardy was not implicated, our
previous holding controls on this issue in the present appeal.

 We overrule appellant's first point of error.

Jury Selection


 In his second point of error, appellant argues that the trial court improperly
granted the State's challenge for cause of veniremember G. Jiha.

 To show error in the trial court's grant of the State's challenge of Jiha for
cause, an appellant is required to demonstrate that either (1) the trial court applied the
wrong legal standard in sustaining the challenge or (2) the trial court abused its
discretion in applying the correct legal standard. Jones v. State, 982 S.W.2d 386, 388
(Tex. Crim. App. 1998) (citing Vuong v. State, 830 S.W.2d 929, 943 (Tex. Crim. App.
1992)). If the trial court applied the correct legal standard, we examine the record as
a whole to determine whether there is support for the trial court's decision, and, in
doing so, we give great deference to the trial court. Penry v. State, 903 S.W.2d 715,
78 (Tex. Crim. App. 1995) (citing Satterwhite v. State, 858 S.W.2d 412, 415 (Tex.
Crim. App. 1993)). We accord the trial court such deference because only the trial
court is able to consider such factors as demeanor and tone of voice that are not
apparent when reviewing the appellate record. Penry, 903 S.W.2d at 728 (citing 
Mooney v. State, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991)); see also Howard v.
State, 941 S.W.2d 102, 115 (Tex. Crim. App. 1996) (stating that the trial court "is in
a unique position to measure the venireperson's sincerity, comprehension and
demeanor").

 During the voir dire examination on the charge of attempted murder, the trial
court granted the State's challenge to veniremember Jiha for cause because he would
require the state to prove premeditation in order to find Milner guilty of attempted
murder. On four occasions during voir dire, the prosecution explained the
distinctions between the words "premeditation" and "intent, either to a specific
veniremember or to the assembled jury panel:

 What I'm going to focus on is with the specific intent to commit
murder. And that means--to commit murder, you have to
intentionally and knowingly cause the death of an individual.

 

 And also intent. It doesn't say in here that it has to be premeditated,
that you have to sit there and think for hours and hours and
premeditate and plan out and plot this--this crime. It just says with
specific intent to commit murder you do this. Premeditation is not an
element in the indictment that has to be proven. 

 

 Well, by premeditation I'm talking about planning, preparing,
thinking about premeditating the crime. Intent is something that can
be formed instantly. You can instantly form intent to kill somebody.
Premeditation is planning out, plotting, you know, doing all this--all
this thought beforehand. 

 

 Okay. Let me see if I can clarify this a little bit. What if--okay. Say
someone--I'm trying to think of an example. Let's talk about theft. 
You go into the store. You have no intention of taking anything. 
You're in the store and then all of a sudden you decide that you
change your intent. You decide to take something. I mean, it's not
something that's thought of before you go there . But it's something
that when you're there, you change your thinking.

 

After the State made four attempts to explain the distinctions between the words
"premeditation" and "intent," the following exchange took place between the State
and veniremember Jiha: 

 [The State]: And you would require the State to prove premeditation
as well?


 [G. Jiha]: Yes, ma'am. 


After the voir dire examination was completed, the State moved to strike Jiha for
cause and the trial court granted the request.

 A challenge for cause may be made by the State if the veniremember states that
"he has a bias or prejudice against any phase of the law upon which the State is
entitled to rely for conviction or punishment." Tex. Code Crim. Proc. Ann. art.
35.16(b)(3) (Vernon 2006). A bias or prejudice includes requiring the State to prove
more than the elements of the crime required to obtain a conviction. Crane v. State,
786 S.W.2d 338, 345 (Tex. Crim. App. 1990). The Court of Criminal Appeals has
held that "premeditation is not an element of murder and a veniremember who would
require such proof is properly excused." Crane, 786 S.W.2d at 345 (citing Livingston
v. State, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987)). (3) This reasoning applies in
the present case because appellant was accused of attempted murder, which requires
the "specific intent to commit [the offense of murder]" but does not require
premeditation. Tex. Penal Code Ann. § 15.01(a) (Vernon 2003). (4) Jiha answered
in the affirmative when the State asked if he would require the State to prove
premeditation. We conclude, therefore, that the trial court applied the correct legal
standard in granting the State's challenge of Jiha for cause. 

 We also conclude that the trial court did not abuse its discretion in applying the
correct legal standard. "The proponent of a challenge for cause has the burden of
establishing his challenge is proper. . . . [He] does not meet his burden until he has
shown that the venireman understood the requirements of the law and could not
overcome his prejudice well enough to follow it." Sells v. State, 121 S.W.3d 748, 759
(Tex. Crim. App. 2003). Although some veniremembers may initially have been
confused as to the difference between premeditation and intent, the State repeatedly
explained the difference, and Jiha never indicated that he did not understand the
difference. Therefore, the trial court could reasonably have concluded that the State
carried its burden of showing Jiha's prejudice. We give deference to the trial court
and will not overrule the trial court's decision absent an abuse of discretion. See, e.g.,
Penry, 903 S.W.2d at 728.

 Appellant argues, however, that the State did not properly determine whether 
Jiha was requiring a certain type of evidence because of his own personal belief of
what constituted guilt beyond a reasonable doubt. The Court of Criminal Appeals has
held that a veniremember who requires a certain type of evidence, or more than a
given type of evidence, to render a guilty verdict cannot be challenged for cause if the
proof the veniremember would require is predicated on his understanding of what
constitutes proof beyond a reasonable doubt. See, e.g., Castillo v. State, 913 S.W.2d
529, 533 (Tex. Crim. App. 1995) (holding that a veniremember who "refuses to
render a guilty verdict on the basis of only one eyewitness is not challengeable for
cause on that account so long as his refusal is predicated on his reasonable
understanding of what constitutes proof beyond a reasonable doubt"). These cases,
however, discuss the type or amount of evidence necessary to meet the
veniremember's personal threshold of reasonable doubt, not the statutory elements
the veniremember would require the State to prove. See id. 

 In this situation, veniremember Jiha would have required the State to prove a
separate criminal element that was not part of this state's murder statute, and he
would have required this proof even after the State had thoroughly explained the
difference between premeditation, which is not an element of murder, and intent. We
hold that the trial court did not abuse its discretion in granting the State's challenge
for cause of veniremember Jiha. See Crane, 786 S.W.2d at 345. Because the trial
court did not abuse its discretion, we do not need to address appellant's arguments
that he suffered harm from the trial court's ruling. Id.

 We overrule appellant's second point of error.





Conclusion


 We affirm the judgment of the trial court. 



 

 


 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.


Do not publish. Tex. R. App. P. 47.4(b). 
1. See Tex. Penal Code Ann. § 19.02(b)(1), (2) (Vernon 2003) ("A person commits
[the offense of murder] if he (1) intentionally or knowingly causes the death of an
individual; [or] (2) intends to cause serious bodily injury and commits an act clearly
dangerous to human life that causes the death of an individual."); see also Tex. Penal
Code Ann. § 15.01(a) (Vernon 2003) ("A person commits [the offense of criminal
attempt] if, with specific intent to commit an offense, he does an act amounting to
more than mere preparation that tends but fails to effect the commission of the offense
intended.").
2. This Court affirmed appellant's conviction on February 28, 2008. See Milner v. State,
No. 01-06-01024-CR, 2008 WL 525615 (Tex. App.--Houston [1st Dist.] Feb 28,
2008, no pet.).
3. See Tex. Penal Code Ann. § 19.02(b)(1), (2) (Vernon 2003) (defining murder as "a
person commits an offense if he (1) intentionally or knowingly causes the death of an
individual; [or] (2) intends to cause serious bodily injury and commits an act clearly
dangerous to human life that causes the death of an individual.")
4. Tex. Penal Code Ann. § 15.01(a) (Vernon 2003) (defining criminal attempt as "a
person commits an offense if, with specific intent to commit an offense, he does an
act amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended.")