Affirmed in Part as Reformed, Reversed and
Remanded in Part, and Majority and Concurring Opinions
filed October 21, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00247-CR



Tholonaus
Darrell Pomier, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 212th District Court

Galveston County, Texas

Trial Court
Cause No. 07CR1549



 

M A J O R I T Y   O P I N I O N

Appellant Tholonaus Darrell Pomier raises ten issues
challenging the trial court’s judgment sentencing him to twenty years’
imprisonment following his conviction for the felony offense of stalking.  In
issues one and two, appellant contends the trial court erred in denying his
motion to quash the indictment and that his punishment was improperly
enhanced.  In issues three and four, he argues the evidence is legally and
factually insufficient to support his conviction.  In issues five and six, he
claims his conviction violates the Double Jeopardy Clauses of the United States
and Texas Constitutions.  In his remaining issues, appellant asserts the Texas
stalking statute is unconstitutional on its face and violates the prohibitions
against ex post facto laws contained in the United States and Texas
Constitutions.  We affirm appellant’s conviction as reformed, reverse the trial
court’s judgment sentencing appellant to twenty years’ imprisonment, and remand
the case for a new punishment hearing.

Factual and Procedural Background

Appellant and Barbara Simmons were involved in a two
to three year relationship in the early 1990s.  In February 1994, Simmons gave
birth to a daughter fathered by appellant.  Prior to the child’s birth, Simmons
decided to leave appellant because he had become physically abusive.  At trial,
Simmons testified that appellant beat her on several occasions, including once shortly
after she became pregnant.  Based on these incidents of abuse, Simmons obtained
a protective order in July 1993, which prevented appellant from communicating
with or coming near her.  Simmons also testified that on a separate occasion in
the summer of 1993, she suffered severe injuries after appellant broke into her
apartment and beat her with a crowbar.  Following this incident, appellant was
arrested and charged with burglary of a habitation.  Appellant pleaded guilty
to a reduced charge of aggravated assault and was sentenced to six years’
deferred community supervision.  In October 1995, appellant was sentenced to
five years’ imprisonment after violating the terms of his community
supervision.  

At some point after appellant was released from
prison, he began driving past Simmons’s home and demanding to see their daughter,
threatening to kick Simmons’s door in, and constantly calling Simmons at her
home and work.  Simmons filed for another protective order in 2002 because of
this behavior.  Simmons testified that she also applied for protective orders
in 2005 and 2007 because appellant was “harassing and bothering” her and her
daughter.  According to Simmons, appellant would not leave her alone and would
contact her each time an order was set to expire and say “you can’t stop me
from coming around.”  

On April 25, 2007, appellant was placed in jail for
nonpayment of child support following an enforcement hearing attended by
appellant and Simmons.  Appellant was released from jail on April 27, 2007. 
The following day, appellant went to Simmons’s apartment and demanded to see
his daughter.  Simmons testified that appellant told her he was going to hurt
her and “get” her because “he was tired of spending all of his money getting
out on bail and stuff like that.”  Simmons called the police after appellant
left her home.  Officer William Ashton went to Simmons’s apartment and
described Simmons as “scared” and “petrified” upon his arrival.  Officer Ashton
arranged for Simmons to speak with Officer Crystal Teague, a member of the
police department’s domestic violence unit, that same day.  Officer Teague
testified Simmons “was afraid that [appellant] was going to kill her.  He had
come to her home.  He had made a threat against her and she believed that he
was going to kill her.”  Appellant was subsequently indicted for stalking Simmons. 


Appellant represented himself at trial.  A jury
convicted appellant and, after finding an enhancement allegation true, assessed
punishment at twenty years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  This appeal followed.  

Sufficiency of the Evidence

In his third and fourth issues, appellant argues the
evidence is legally and factually insufficient to support his conviction.  While
this appeal was pending, the Court of Criminal Appeals held that only one standard
should be used to evaluate the sufficiency of the evidence in a criminal case:
legal sufficiency.  Brooks v. State, ___ S.W.3d ___, 2010 WL 3894613, at
*1 (Tex. Crim. App. Oct. 6, 2010) (plurality opinion); id. at *22
(Cochran, J., concurring).  Accordingly, we review the sufficiency of the
evidence in this case under a rigorous and proper application of the Jackson
v. Virginia, 443 U.S. 307 (1979), legal sufficiency standard.  Brooks,
2010 WL 3894613, at *11 (plurality opinion).

    A.           
Standard of Review 

When reviewing the
sufficiency of the evidence, we view all of the evidence in the light most
favorable to the verdict to determine whether the jury was rationally justified
in finding guilt beyond a reasonable doubt.  Id. at *5.  This court does
not sit as a thirteenth juror and may not substitute its judgment for that of
the fact finder by re-evaluating the weight and credibility of the evidence.  Id.
at *7; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); see
also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating
the jury may choose to believe or disbelieve any portion of the testimony a
trial).  We defer to the fact finder’s resolution of conflicting evidence
unless the resolution is not rational.  Brooks, 2010 WL 3894613, at *7
n.8, *11.  Our duty as a reviewing court is to ensure that the evidence
presented actually supports a conclusion that the defendant committed the
crime.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  

     B.           
Applicable Law 

In order to obtain a conviction, the State was
required to prove that appellant (1) on more than one occasion and pursuant to
the same scheme or course of conduct directed specifically at Simmons (2)
knowingly engaged in conduct, including following Simmons, (3) that he knew or
reasonably believed Simmons would regard as threatening bodily injury or death
to her, (4) that caused Simmons to be placed in fear of bodily injury or death,
and (5) that would cause a reasonable person to fear bodily injury or death for
himself or herself.  Tex. Penal Code
Ann. § 42.072(a) (West 2003).  

    C.           
Sufficiency Analysis 

            Appellant was
charged with stalking Simmons from 1993 to 2007.  In order to prove the
elements of the charged offense, the State presented evidence of appellant’s
history of violent and threatening behavior directed at Simmons.  Simmons
testified that appellant beat her on several occasions, including once while
she was pregnant and again when he broke into her apartment in 1993.  Simmons’s
former neighbor, Willis Vallier, testified that he often heard screaming and
yelling coming from Simmons’s apartment.  On one occasion in 2003 or 2004,
Simmons rushed into Vallier’s apartment.  According to Vallier, Simmons was
“hysterical, crying, [and] screaming [for] somebody to go upstairs and get her
baby.”  Vallier saw appellant chasing Simmons down the stairs and trying to
strike her with his fist.  Appellant attempted to follow Simmons into Vallier’s
apartment, but Vallier prevented him from entering.  Simmons also testified
that appellant threatened to “hurt her” in April 2007 because he had been
jailed for failing to pay her child support.  According to testimony from
Officers Ashton and Teague, Simmons appeared to be in fear for her life after
appellant came to her home in April 2007.

            The State also
presented evidence that, after appellant was released from prison, he began
continuously calling Simmons at her home and work and threatening to kick in
her door.  Simmons and her daughter each testified that they saw appellant
drive past their home on many occasions, and Simmons stated that she often saw
appellant sitting in a vehicle parked outside her home.  Appellant’s behavior
caused Simmons to file for multiple protective orders to prevent him from contacting
or coming near her or their daughter.  Simmons stated she had to keep filing
for protective orders because appellant would not leave her alone and “would
always come back” after an order expired.  Simmons ultimately testified that
each time appellant came by her home or called her, she felt “[s]cared for my
safety and scared for my life” because he had beaten her “so many times all he
could do was kill me next.”  

            Appellant
presents three arguments on appeal for why the evidence is insufficient: (1)
his interactions with Simmons were too “widely separated in time” to be
considered evidence of any scheme or course of conduct directed at Simmons; (2)
contradictory, inconsistent, and embellished testimony offered by Simmons shows
she did not regard his conduct as threatening her with bodily injury or death;
and (3) appellant could not have known or reasonably believed Simmons would
regard his conduct as threatening her with bodily injury or death.  We
disagree, and we address each of these arguments in turn.

First, section 42.072 does not specify a time period
in which the scheme or course of conduct must occur; rather, it merely requires
that the accused’s conduct must occur “on more than one occasion and pursuant
to the same scheme or course of conduct.”  Tex.
Penal Code Ann. § 42.072(a); see also Hutton v. State, 313
S.W.3d 902, 908 (Tex. App.—Amarillo 2010, no pet.) (concluding the plain
meaning of section 42.072 does not require “a particular or minimum interval of
time for events to occur on ‘more than one occasion’”).  Thus, by definition,
the offense of stalking “contemplates the presentation of evidence that covers
the entire course of a defendant’s alleged unlawful conduct directed
specifically towards a complainant.”  Molett v. State, No.
05-08-00728-CR, 2009 WL 824761, at *5 (Tex. App.—Dallas Mar. 31, 2009, pet.
ref’d) (not designated for publication) (emphasis added).

The testimony in this case shows that appellant
physically abused and threatened to harm Simmons on multiple occasions from
1993 to 2007.  During several years of that time period, appellant drove past
Simmons’s home, sat in a vehicle parked outside her home, repeatedly called her
at her home and work, and threatened to kick in her door. Viewing this evidence
in the light most favorable to the verdict, a rational jury could have found
beyond a reasonable doubt that appellant’s conduct constituted a scheme or
course of conduct.  See Hutton, 313 S.W.3d at 908; see also
Lewis v. State, No. 09-06-047 CR, 2007 WL 2200000, at *1–3 (Tex.
App.—Beaumont Aug. 1, 2007, no pet.) (mem. op., not designated for publication)
(concluding that evidence of four separate instances of conduct by the
appellant directed at his former girlfriend over a four-year period was legally
sufficient to support conviction for stalking); Thomas v. State, No.
13-03-00655-CR, 2005 WL 1774600, at *1–3 (Tex. App.—Corpus Christi July 28,
2005, no pet.) (mem. op., not designated for publication) (upholding stalking
conviction where evidence consisted of the appellant’s conduct between 1978 and
2002 directed toward his ex-wife).  

Second, appellant’s argument regarding Simmons’s
testimony is essentially challenging her credibility as a witness.  But as the
exclusive judge of the credibility of the witnesses and the weight to give
their testimony, the jury resolves conflicts or inconsistencies in such
evidence.  Brooks, 2010 WL 3894613, at *7–8 & n.19.  In support of
his argument, appellant relies mainly upon portions of Simmons’s testimony
where she admits she could have called the police any time appellant interacted
with her.  He also claims Simmons embellished the extent of her injuries
resulting from the 1993 burglary and assault because an assault with a crowbar
would result in injuries more severe than those depicted by photographs taken
after the incident.  Further, appellant asserts his conduct could not be
regarded as threatening because Simmons made no allegations of physical violence
after 1993.  But in addition to the testimony referenced by appellant, the jury
also heard Simmons testify that she feared for her life and safety because,
after being beaten so many times, “all [appellant] could do was kill me.” 
Simmons also testified that she applied for and obtained protective orders
against appellant on multiple occasions.  Simmons’s fears for her safety and
life are further supported by testimony from Officers Ashton and Teague that
Simmons was in fear for her life after appellant came to her home in April
2007.  After reviewing all the evidence, we conclude that a rational jury could
find beyond a reasonable doubt that Simmons viewed appellant’s conduct as
threatening her with bodily injury or death.

Finally, the evidence is sufficient for a rational
jury to conclude beyond a reasonable doubt that appellant possessed the
requisite mental state.  A person acts knowingly, or with knowledge, with
respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist or when he is aware that his conduct is reasonably certain to cause the
result.  See Tex. Penal Code Ann.
§ 6.032(b) (West 2003).  Proof of a culpable mental state almost
invariably depends upon circumstantial evidence and may be inferred from any
facts tending to prove its existence, including the acts, words, and conduct of
the accused.  Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); Gant
v. State, 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).  Here, the jury heard evidence that appellant beat Simmons severely on
multiple occasions, and Simmons repeatedly applied for and obtained protective
orders because appellant would not leave her alone.  Additionally, the testimony
shows that appellant drove by Simmons’s apartment, continuously called Simmons
at her home and work, and repeatedly demanded to see their daughter.  These
facts, when combined with Simmons’s testimony that she was afraid appellant
would kill her because he had beaten her so many times, would allow a rational
jury to infer appellant knew or reasonably believed Simmons would regard his
conduct as threatening bodily injury or death.  See Hart, 89 S.W.3d at
64; Gant, 278 S.W.3d at 839; see also Martinez v. State, No.
03-04-00495-CR, 2005 WL 2170348, at *3–4 (Tex. App.—Austin Sept. 9, 2005, pet.
ref’d) (mem. op., not designated for publication) (finding sufficient evidence
to conclude the appellant knew or reasonably believed his conduct would
threaten the complainant with bodily harm or death when the appellant made
repeated phone calls to the complainant, appeared at the complainant’s place of
business on multiple occasions, and followed the complainant, although the
complainant admitted the appellant never threatened to harm her).

Accordingly, the evidence is sufficient to support
appellant’s conviction, and we overrule appellant’s third and fourth issues.

Appellant’s Motion to Quash 

            In his first
issue, appellant asserts the trial court erred by overruling his amended motion
to quash the indictment.  The relevant portions of the indictment read: 

[O]n or about the 28th day of APRIL, A.D., 2007,
. . . [appellant] did then and there knowingly engage in conduct
directed specifically toward Barbara Simmons that [appellant] knew or
reasonably believed the said Barbara Simmons would regard as threatening bodily
injury or death to the said Barbara Simmons, to wit: telephoning the said
Barbara Simmons, threatening harm to the said Barbara Simmons, and sitting outside
the said Barbara Simmons’[s] house in a motor vehicle, and [appellant’s]
conduct would cause a reasonable person to fear, and did cause the said Barbara
Simmons to fear, bodily injury or death for the said Barbara Simmons.  

And it is further presented . . . that on the
12th day of July, 1993, . . . [appellant] did then and there
knowingly engage in conduct directed specifically toward the said Barbara
Simmons by committing Burglary of a Habitation against the said Barbara
Simmons.  

And it is further presented . . . that each of
the foregoing acts was committed pursuant to the same scheme or course of
conduct that was directed specifically at Barbara Simmons, against the peace
and dignity of the State.  

Appellant argued in his
amended motion to quash that the indictment was (1) “insufficient as a matter
of law” because it did not allege a violation of Texas Penal Code section
42.072, the Texas stalking statute, and (2) “defective in that it contains [a]
matter which is a legal defense or bar to the prosecution.”  The trial court
denied appellant’s motion.  

            We review a trial
court’s denial of a motion to quash de novo.  Lawrence v. State, 240
S.W.3d 912, 915 (Tex. Crim. App. 2007); Kfouri v. State, 312 S.W.3d 89,
91 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  A defendant must be given
sufficient notice before trial of the “nature and cause” of the accusation
against him to enable the defendant to anticipate the State’s evidence and
prepare a proper defense.  Kfouri, 312 S.W.3d at 91.  An indictment must
also satisfy the constitutional requirement of subject-matter jurisdiction over
“an offense.”  Teal v. State, 230 S.W.3d 172, 181 (Tex. Crim. App.
2007).  

            Appellant
presents two arguments for why the trial court erred by denying his motion to
quash.  First, he contends the indictment is defective because it omits a
“clearly required element” of the stalking offense, i.e., that appellant
“followed” another person.  See Tex.
Penal Code Ann. § 42.072(a) (stating a person commits an offense by
engaging in certain proscribed conduct, “including following [another] person,”
which causes a desired result).  Appellant has failed to preserve this argument
for review.  The failure to allege an element of an offense in an indictment is
a defect in the substance of the indictment.  Studer v. State, 799
S.W.2d 263, 268 (Tex. Crim. App. 1990); Salahud-din v. State, 206 S.W.3d
203, 211 (Tex. App.—Corpus Christi 2006, pet. ref’d).  Defects, errors, or
irregularities in the substance of an indictment must be raised prior to trial
or the defendant “waives and forfeits the right to object” on appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(West 2005).  Appellant’s motion to quash did not complain that the indictment
failed to allege an element of the offense.  Because appellant did not complain
of the omission of an element of the offense prior to trial, this argument is
not properly before this court.  Id.; see also Sanchez v. State,
120 S.W.3d 359, 363–64, 368 (Tex. Crim. App. 2003) (concluding a motion to quash
containing a general allegation that an indictment failed to allege criminal
conduct was not sufficient to preserve a complaint on appeal that the
indictment failed to allege a culpable mental state, a required element of the
charged offense).

            Next, appellant
argues the indictment did not vest the district court with subject-matter
jurisdiction over the charged offense.[1] 
Specifically, appellant contends the State failed to charge him with felony
stalking because, to establish an element of the offense, the State used
conduct that occurred in 1993, which was prior to the effective date of the current
version of section 42.072.  Thus, appellant argues, the district court did not
have jurisdiction over this case. 

            District courts
have jurisdiction over felonies, misdemeanors involving official misconduct,
misdemeanors transferred to the district court pursuant to article 4.17 of the
Texas Code of Criminal Procedure, and misdemeanors that are “included in the
indictment.”  See Tex. Code Crim.
Proc. Ann. arts. 4.05–.06 (West 2005); Murray v. State, 302
S.W.3d 874, 877 (Tex. Crim. App. 2009).  Stalking is currently classified as a
third degree felony.  See Tex.
Penal Code Ann. § 42.072(b).  This classification, however, applies
only to offenses committed on or after September 1, 2001.[2]  See
Act of May 26, 2001, 77th Leg., R.S., ch. 1222, § 2, 2001 Tex. Gen. Laws
2795, 2796 (current version at Tex.
Penal Code Ann. § 42.072).  If any element of the offense occurred
prior to this date, the offense is covered by the law in effect when the
offense was committed.  Id.  

            A required
element of stalking is that a person knowingly engage in conduct directed
specifically at another person “on more than one occasion and pursuant to the
same scheme or course of conduct.”  Tex.
Penal Code Ann. § 42.072(a).  The State alleged in the indictment
that “pursuant to the same scheme or course of conduct” appellant (1) called
Simmons on the telephone, (2) threatened Simmons with harm, (3) sat outside
Simmons’s home in a vehicle, and (4) committed burglary of a habitation against
Simmons in July 1993.  Thus, viewing only the language in the indictment, the inclusion
of the 1993 burglary incident to establish an element of stalking made the
previous version of the statute applicable.  See Act of May 26, 2001,
77th Leg., R.S., ch. 1222, § 2, 2001 Tex. Gen. Laws 2795, 2796; Ploeger
v. State, 189 S.W.3d 799, 803 n.1 (Tex. App.—Houston [1st Dist.] 2006, no
pet.) (“The current version of the stalking statute makes the offense a felony,
but that version does not apply to appellant, who committed at least some of
the acts for which he was prosecuted before [September 1, 2001].”); State v.
Seibert, 156 S.W.3d 32, 33 n.1 (Tex. App.—Dallas 2004, no pet.) (noting
that stalking indictment was for misdemeanor rather than felony because even
though the indictment was signed after September 1, 2001, the alleged conduct
occurred before the effective date of the statute).

            However, even
though the indictment included language that would have properly charged appellant
with a misdemeanor rather than a felony, the trial court still had
jurisdiction.  Presentment of a valid indictment vests the trial court with
jurisdiction.  See Tex. Const.
art. V, § 12; Teal, 230 S.W.3d at 176.  When determining if an
indictment is so flawed that it does not constitute an actual indictment and
thus does not vest the trial court with jurisdiction, the critical
determination is whether the court and the defendant can identify what penal
code provision is alleged and whether that provision vests the trial court with
jurisdiction.  See Kirkpatrick v. State, 279 S.W.3d 324, 328 (Tex. Crim.
App. 2009) (citing Teal, 230 S.W.3d at 172).  We must examine whether
the trial court and the defendant can determine that the indictment intends to
charge a felony or other offense for which the trial court has jurisdiction.  Teal,
230 S.W.3d at 181.  Here, although the indictment, by including an allegation
regarding conduct occurring before the effective date of the statute, properly charged
a misdemeanor, the felony offense exists, and the indictment’s return in a
felony court put appellant on notice that the State intended to charge him with
a felony offense.  Kirkpatrick, 279 S.W.3d at 329.  Thus, even though the
felony indictment was defective, the trial court had jurisdiction, and
appellant must have lodged a proper objection to the indictment defect to
preserve error.  See id.; Teal, 230 S.W.3d at 182.  Appellant’s
motion to quash did not raise this defect, and therefore, this argument is
waived.  See Kirkpatrick, 279 S.W.3d at 329; Teal, 230 S.W.3d at
182. 

Because appellant did not preserve error on the
grounds he alleges on appeal as to why his motion to quash should have been
granted and because his grounds do not implicate the trial court’s
jurisdiction, we overrule appellant’s first issue.

Improper Punishment

Appellant notes in his brief that he should have been
indicted under a previous version of section 42.072 due to the State’s use of events
occurring prior to September 1, 2001, to establish an element of the offense.  As
we stated above, the current version of the stalking statute makes the offense
a felony, but that version does not apply here because some of the acts for
which appellant was prosecuted occurred before September 1, 2001.  See Ploeger,
189 S.W.3d at 803 n.1.  The jury charge in this case included the 1993 conduct
as part of the offense, and therefore appellant’s conviction was for a Class A
misdemeanor.  Cf. Lugo v. State, No. 10-09-00170-CR, 2010 WL
1712488, at *2 (Tex. App.—Waco Apr. 28, 2010, no pet.) (mem. op., not
designated for publication) (holding that because jury charge application
paragraph omitted an element necessary to raise offense from misdemeanor to
felony, defendant was convicted of only a misdemeanor).

The maximum sentence for a Class A misdemeanor is a
jail term not to exceed one year and/or a fine not to exceed $4,000.  Tex. Penal Code Ann. § 12.21 (West 2003). 
Appellant was sentenced as though convicted of a third degree felony enhanced
to a second degree felony and received twenty years’ imprisonment.  As such,
appellant’s sentencing for a felony offense was outside the maximum range
available for a misdemeanor and therefore illegal.  See Mizell v. State,
119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (stating a sentence outside the
maximum range of punishment for that offense is illegal); see also Speth v.
State, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999) (“[A] defendant has an
absolute and nonwaivable right to be sentenced within the proper range of
punishment established by the Legislature.”).  Although appellant does not
specifically argue that his punishment is improper on this basis, we conclude
that his sentence is void because it was above the statutory maximum for a
Class A misdemeanor.  See Baker v. State, 278 S.W.3d 923, 927 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d) (“Any court with jurisdiction can
notice and take action upon an illegal or void sentence at any time, even sua
sponte.”); see also Lugo, 2010 WL 1712488, at *2 (finding sentence void
and remanding for new punishment trial because defendant was convicted of a misdemeanor
but punished in the range for felony stalking); see also Ex parte Hernandez,
698 S.W.2d 670, 670–71 (Tex. Crim. App. 1985) (finding sentence void and
remanding for new sentencing because defendant was fined and act in effect at
time of his sentencing did not authorize fine).

We reform the judgment to reflect that appellant was
convicted of a Class A misdemeanor.  We reverse the portion of the trial
court’s judgment sentencing appellant to twenty years’ imprisonment and remand
for a new punishment hearing.[3]

Double Jeopardy

            In his fifth and
sixth issues, appellant claims his constitutional rights against double jeopardy
were violated.  Essentially, appellant contends the State’s use of his prior
conviction for aggravated assault, which arose from the 1993 burglary incident,
subjected him to multiple prosecutions and punishment.  The Fifth Amendment to
the United States Constitution provides that no person shall “be subject for
the same offence to be twice put in jeopardy of life or limb.”  U.S. Const. amend. V.  The Texas
Constitution similarly provides, “No person, for the same offense, shall be
twice put in jeopardy of life or liberty, nor shall a person be again put upon
trial for the same offense, after a verdict of not guilty in a court of
competent jurisdiction.”  Tex. Const.
art. I, § 14.  These clauses have been interpreted to prevent (1) a second
prosecution for the same offense after acquittal, (2) a second prosecution for
the same offense after conviction, and (3) multiple punishments for the same
offense.  Evans v. State, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009)
(citing Brown v. Ohio, 432 U.S. 161, 165 (1977)).  

            The State asserts
that appellant has waived his double jeopardy claims because he did not raise
the issue at trial.  Appellant relies upon Jones v. State, 586 S.W.2d
542, 544 (Tex. Crim. App. 1979 [Panel Op.]) for the proposition that a plea of
former jeopardy may be raised for the first time on appeal.  Id.  More
recent decisions establish that a defendant bears the burden of preserving, in
some fashion, a double jeopardy objection at or before the time the issue of
his guilt is submitted to the finder of fact.  See Gonzalez v. State, 8
S.W.3d 640, 642 (Tex. Crim. App. 2000); King v. State, 161 S.W.3d 264,
267 (Tex. App.—Texarkana 2005, pet. ref’d).  Because of the fundamental nature
of double jeopardy protections, however, appellant is excused from the
preservation requirement when (1) the undisputed facts show the double jeopardy
violation is clearly apparent on the face of the record and (2) enforcement of
the usual rules of procedural default serves no legitimate state interest.  See
Langs v. State, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); Gonzalez,
8 S.W.3d at 643.  The critical inquiry is whether the record before the
reviewing court clearly reflects a double jeopardy violation.  Long v. State,
130 S.W.3d 419, 424 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  Appellant
must satisfy both prongs of this test in order to raise his complaint for the
first time on appeal.  Id.  

            The
constitutional protections against double jeopardy apply “only where the second
prosecution is for the same offense as that for which a person has
already been in legal jeopardy.”  Milner v. State, 263 S.W.3d 353, 356
(Tex. App.—Houston [1st Dist.] 2008, no pet.); see also U.S. Const. amend. V; Tex. Const. art. I, § 14.  The
former trial “must have been upon the same criminal act for which the State is
again seeking to prosecute the defendant.”  Milner, 263 S.W.3d at 356. 
Thus, in determining whether appellant has preserved his double jeopardy complaints
for review, the record must clearly demonstrate that he was subjected to
multiple prosecutions or punishments for the same offense.  Appellant argues he
was tried and punished multiple times for the 1993 incident because the State
used his conviction for aggravated assault as reduced from burglary of a
habitation to prove an essential element of the stalking offense.  We
disagree.  

            Separate offenses
constitute the same offense for purposes of double jeopardy when each element
of the first offense is identical to each element of the second offense.  See
id. (citing Blockurger v. United States, 284 U.S. 299, 304 (1932)).  When
determining whether multiple offenses constitute the same offense, we compare
the elements of the offenses, not the conduct of the accused.  Ortega v.
State, 171 S.W.3d 895, 899 (Tex. Crim. App. 2005).  If different elements
are present, double jeopardy does not attach.  Milner, 263 S.W.3d at 356. 
However, if each element of the offenses are identical, double jeopardy attaches,
and successive prosecutions are barred.  Id.  

            Here, the offense
of aggravated assault for which appellant previously had been convicted
consists of clearly different elements than the stalking offense that is being
appealed.  Appellant’s prior conviction for aggravated assault required proof
that he (1) committed assault and (2) caused serious bodily injury to another,
including his spouse.  See Act of May 22, 1991, 72d Leg., R.S., ch. 334,
§ 2, 1991 Tex. Gen. Laws 1380, 1381 (current version at Tex. Penal Code Ann. § 22.02 (West
Supp. 2009)).  In contrast, appellant’s stalking conviction required proof that
he, on more than one occasion and pursuant to the same scheme or course of
conduct directed specifically at Simmons, knowingly engaged in conduct,
including following Simmons, that (1) he knew or reasonably believed Simmons
would regard as threatening bodily injury or death, (2) caused Simmons to be
placed in fear of bodily injury or death, and (3) would cause a reasonable
person to be placed in fear of bodily injury or death for himself or herself.  Tex. Penal Code Ann. § 42.072(a). 
Both of these offenses contain separate elements and, as such, do not
constitute the same offense for double jeopardy purposes.  See Ortega,
171 S.W.3d at 899–900 (concluding appellant’s prior conviction for resisting
arrest and later conviction for assault arising from the same conduct did not
violate the Double Jeopardy Clause because each offense required proof of at
least one fact that the other did not).  

            Because appellant’s
prior conviction for aggravated assault as reduced from burglary of a
habitation and his later conviction for stalking do not constitute the same
offense, we conclude the record in this case does not clearly reflect a double
jeopardy violation.  Consequently, by failing to object at trial, appellant
forfeited his right to raise a double jeopardy violation for the first time on
appeal.  See Langs, 183 S.W.3d at 687; Long, 130 S.W.3d at 424
(holding appellant could not raise a double jeopardy claim for the first time
on appeal because there was no violation clearly reflected on the face of the
record).  We overrule appellant’s fifth and sixth issues.  

Constitutionality of Section
42.072

In his seventh and eighth issues, appellant
challenges the constitutionality of section 42.072.  Specifically, appellant
argues the statute is unconstitutional on its face because it violates the free
speech guarantees of the United States and Texas Constitutions.[4]  See
U.S. Const. amend. I; Tex. Const. art. I, § 8.  The
Court of Criminal Appeals has recently held that “a defendant may not raise for
the first time on appeal a facial challenge to the constitutionality of a
statute.”  Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim. App.
2009).  Here, there is no indication in the record that appellant raised a
facial challenge to the constitutionality of section 42.072 at trial. 
Appellant has thus waived this issue on appeal.  Id.; see also Eubank
v. State, No. 14-09-00323-CR, 2009 WL 4840204, at *1 (Tex. App.—Houston
[14th Dist.] Dec. 17, 2010, no pet.) (mem. op., not designated for publication)
(appellant waived facial challenge of statute by failing to raise issue at
trial); Sony v. State, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009,
no pet.) (same).  We overrule issues seven and eight.  

Ex Post
Facto Violations

            In
his ninth and tenth issues, appellant argues the present version of section
42.072 violates the constitutional prohibitions against ex post facto laws.[5]  See
U.S. Const. art. 1, § 9, cl.
3; Tex. Const. art. I, § 16. 
An ex post facto law is any law that (1) punishes as a crime any act that was
innocent when performed, (2) inflicts greater punishment than the law attached
to a criminal offense when committed, (3) deprives the accused of any defense
available at the time the act was committed, or (4) alters the legal rules of
evidence and requires less or different testimony than the law required at the
time of the commission of the offense to convict the accused.  See Carmell
v. Texas, 529 U.S. 513, 522 (2000); Rodriguez v. State, 93 S.W.3d
60, 66 (Tex. Crim. App. 2002); State v. Collazo, 264 S.W.3d 121, 128
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  The sole concern of an
appellate court engaged in an ex post facto analysis is whether the statute in
question assigns more severe criminal or penal consequences to an act than did
the law in place when the act occurred.  Sepeda v. State, 280 S.W.3d 398,
401 (Tex. App.—Amarillo 2008, pet. ref’d); State v. Pieper, 231 S.W.3d
9, 12 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  

            According to
appellant, section 42.072 is an improper ex post facto law because, as applied
in this case, (1) acts committed prior to the effective date of the statute
were made punishable as elements of the charged offense, (2) his punishment was
increased based on acts committed prior to the effective date of the statute,
and (3) he was deprived of an affirmative defense which had been available
under a previous version of the statute.  Appellant is essentially arguing that
an ex post facto violation occurred because the trial court improperly applied
the current version of section 42.072 to certain acts that were committed prior
to the effective date of the statute.  This argument is misplaced.  The
prohibition against ex post facto laws is a prohibition against legislative and
not judicial action.  Ex parte Bonham, 707 S.W.2d 107, 108 n.1 (Tex.
Crim. App. 1986).  “[A]n ex post facto problem does not arise from a trial
court’s erroneous retroactive application of a statute, but only if the statute
itself has retroactive effect.”  Ortiz v. State, 93 S.W.3d 79, 91 (Tex.
Crim. App. 2002).  The provisions of section 42.072 apply only to offenses
committed after September 1, 2001; any offense committed prior to this date is
covered by the law in effect at the time the offense occurred.  See Act
of May 26, 2001, 77th Leg., R.S., ch. 1222, § 3, 2001 Tex. Gen. Laws 2795,
2796 (current version at Tex. Penal Code Ann. § 42.072).  Because section
42.072 does not apply retroactively, no ex post facto violation has occurred.  See
Ortiz, 93 S.W.3d at 90–91 (finding no ex post facto violation where the
appellant argued only that the trial court retroactively applied the challenged
statute and did not show the statute itself operated retroactively).  Appellant’s
ninth and tenth issues are overruled.

Conclusion

            We reform the
judgment to reflect that appellant was convicted of a Class A misdemeanor and
affirm that portion of the judgment as reformed.  We reverse the portion of the
trial court’s judgment sentencing appellant to twenty years’ imprisonment and
remand for a new punishment hearing.

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce (Hedges, C.J., concurring).

Publish
— Tex. R. App. P. 47.2(b).









[1]
A court’s lack of subject-matter jurisdiction may be raised for the first time
on appeal.  Saldano v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002);
Hall v. State, 303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet.
ref’d).  





[2]
Prior to September 1, 2001, stalking was classified as a Class A misdemeanor.  See
Act of Jan. 27, 1997, 75th Leg., R.S., ch. 1, § 1, 1997 Tex. Gen. Laws 1,
1 (amended 2001).  





[3]
Because we reverse appellant’s punishment on this basis, we need not address
appellant’s second issue in which he argues that his sentence was improperly
enhanced to a second degree felony.





[4]
Appellant also argues that it is unconstitutional to convict him based on
conduct occurring in 1993 because the stalking statute in effect at that time
was declared unconstitutional.  See Long, 931 S.W.2d 285.  We
reject this argument.  Appellant did not commit stalking in 1993; he committed
assault and burglary.  Further, the stalking statute was amended in 1997, and
that version was never declared unconstitutional.  See Act of Jan. 27,
1997, 75th Leg., R.S., ch. 1, § 1, 1997 Tex. Gen. Laws 1 (amended 2001). 
The current statute, which is substantially similar to the 1997 statute but
raises the offense from a Class A misdemeanor to a felony, provides that if any
element of the offense occurred prior to the effective date of the statute, the
1997 statute applies.  See Act of May 26, 2001, 77th Leg., R.S., ch.
1222, § 2, 2001 Tex. Gen. Laws 2795, 2796.  Thus, because neither the
current nor the 1997 statute has been declared unconstitutional, appellant’s
argument fails.





[5]
The State claims appellant has failed to preserve these issues for review
because he did not raise an ex post facto challenge to section 42.072 at
trial.  An ex post facto claim, however, may not be waived and can be raised
for the first time on appeal.  See Ieppert v. State, 908 S.W.2d 217, 220
(Tex. Crim. App. 1995); Holcomb v. State, 146 S.W.3d 723, 730 (Tex.
App.—Austin 2004, no pet.); Dean v. State, 60 S.W.3d 217, 219 n.1 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).  Appellant’s complaints are thus
properly before this court.